[No. 2977. Decided November 1, 1898.]

## J. C. CROSS, *Respondent,* v. J. C. JOHNSON, *Appellant.*

ACTIONS BETWEEN STOCKHOLDERS — PLEADING — DEFAULT JUDGMENT — EVIDENCE.

In an action by one stockholder of a corporation against another, the complaint is good against demurrer, when it alleges that the corporation was indebted to plaintiff and others in amounts aggregating $763.77; that the defendant was treasurer of the corporation, and had, in collusion with its other officers, sued the corporation and obtained judgment by default; that an execution had been issued and the real estate of the corporation was about to be sold thereunder; that the defendant, as treasurer, had $500 in money belonging to the company and was also indebted on his stock subscription in the sum of $762.25; that he had refused to render any account to the stockholders, as treasurer, of the moneys alleged to be in his hands; and that, if allowed to proceed with the sale, the corporation would be rendered insolvent and the plaintiff's debt would be lost, as well as his interest in the corporate property sacrificed.

Where judgment is given against defendant for failure to answer, after the overruling of his demurrer to the complaint, the court is authorized, under Code Proc., § 412 (Bal. Code, § 5090), in proceeding to take evidence upon the allegations of the complaint.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*Greene & Griffiths* (*J. A. Hutcheson,* of counsel), for appellant.

*J. C. Cross,* for respondent.

PER CURIAM.—This was a suit by one stockholder of a corporation against another. The plaintiff alleged, in substance, that he was the owner and holder of seventeen shares of the paid up stock of the company, and also that the company was indebted to him in $563.77 and was indebted to other parties in small amounts aggregating $200, and that the defendant owed $762.25 on his stock subscription and was treasurer of the company, and as such treasurer had $500 in money on hand belonging to it; that the defendant had, by collusion with its other officers, sued the corporation for a large sum and had obtained a judgment by default thereon; that an execution had been issued and the real estate was about to be sold thereunder; that the defendant had refused to render any account to the stockholders, as treasurer of the company, of the moneys alleged to be in his hands; and that, if allowed to proceed with the sale, the corporation would be rendered insolvent and the plaintiff's debt would be lost, as well as his interest in the corporate property sacrificed. A demurrer to the complaint was overruled and the defendant refused to plead further, whereupon the court proceeded to take evidence offered by the plaintiff, made findings thereon, and rendered a judgment in favor of the plaintiff restraining the defendant from proceeding to enforce his said judgment, etc., and he has appealed.

The first error alleged is the overruling of the demurrer. While the complaint was somewhat indefinite and uncertain, we think it was sufficient as against the demurrer and that the same was rightly overruled.

The appellant next contends that the court erred in proceeding to take evidence, but no authority is cited, and

such a course seems to be provided for under § 412, 2 Hill's Code (Bal. Code, § 5090). The evidence taken and findings made thereon were all substantially within the allegations of the complaint. It is next contended that the evidence was insufficient to warrant the findings and judgment, but, after an examination of the proof, we are convinced that we would not be warranted in disturbing the same.

Affirmed.