## CORBETT v. BRYAN et al.

No. 12075—Opinion Filed July 12, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

**Injunction — Contempt — Injunction Order Not Served.**

A person cannot be adjudged guilty of contempt of court for the doing of a lawful act or a thing that he had a right to do, although by doing such act he violated an injunction order of the court. when the injunction order had not been served upon him and he had no knowledge that such injunction order had been issued. Such a judgment is absolutely void and a commitment issued upon such a judgment is likewise void.

Original proceedings in habeas corpus. Writ allowed.

This is a companion case of E. F. Blanchard against J. W. Bryan and M. E. Bryan, No. 12074, 83 Okla. 33, 200 Pac. 444, and is decided upon the authority of that case.

Biddison and Campbell, for petitioner.

Louis W. Pratt, for respondents.

MILLER, J. This is an original proceeding in habeas corpus instituted in this court by W. A. Corbett, who alleges that he is unlawfully, illegally, and wrongfully restrained of his liberty by William McCullough, sheriff of Tulsa county, Oklahoma, and is confined in the common jail of said Tulsa county on account of proceedings had in a certain action pending in the district court of Tulsa county, being No. 12995, entitled J. W. Bryan and M. E. Bryan against the Park Addition Company.

This proceeding was by proper orders of this court referred to Hon. Paul A. Walker, one of the referees of this court, to hear the testimony, make his findings of fact and conclusions of law thereon. There was also filed in this court a companion case, No. 12074, E. F. Blanchard, petitioner, against the same respondents. The two cases were submitted to the referee on the same testimony. The referee has filed his report herein and in his findings of fact he makes a complete statement of the case, which is fully set out in case No. 12074, Blanchard v. Bryan et al.

The findings of fact adopted by this court in the Blanchard case, in so far as they are applicable to this case, are adopted as the facts in this case. The conclusions of law set forth in the Blanchard case are also adopted as the law in this case and this case is decided upon the authority of the Blanchard case. The writ is allowed.

There is an additional question in this case, which we think should receive attention. The order of the trial court adjudging petitioner guilty of contempt is so unwarranted that special attention should be called to it.

The last part of the referee's finding No. 7 reads as follows:

"The referee finds that neither said citation nor any other order, notice, application for citation, or affidavit was ever served upon the petitioner. W. A. Corbett, but that his only knowledge of the proceedings was when he was called as a witness by the defendant in the action, and that he had no knowledge or notice that he had been, or was, being proceeded against as for contempt of court, until the court made the order by which he was restrained of his liberty as complained of herein."

The citation was issued against E. F. Blanchard. The sheriff's return shows that it was served on E. F. Blanchard. W. A. Corbett is not mentioned in the citation. It was not served upon him and the record fully sustains the finding of the referee that he had

no knowledge or notice of it, or that he was being proceeded against as for contempt of the court until he was called as a witness. It was the duty of the court to examine the citation and see that W. A. Corbett had been properly proceeded against as for a contempt of the orders of the court and that he had been properly served before any attempted adjudication was made against him. A proceeding of this kind, which ignores the fundamental requirements of orderly procedure and due process of law, is not in accord with the proper conduct of courts of justice.

The petitioner, W. A. Corbett, was an employe of the Oklahoma Union Railway Company. Neither of the injunction orders was served on Corbett or the Oklahoma Union Railway Company. Neither was the Oklahoma Union Railway Company or Corbett a party to the action involving the property in litigation herein, or the restraining orders relative thereto.

Corbett appeared in court as a witness for the Park Addition Company. When it was made to appear that he was the person who cut off the lights, which was the act complained of, the court summarily ordered him committed to jail. It is well settled that a stranger who has no knowledge of an injunction cannot be charged with contempt for the violation of the injunctive order. He could not be in contempt of the order of the court unless he had actual notice of the injunction prior to the doing of the act complained of, if the act done was lawful in and of itself and was something he had a right to do.

See note to Garrigan v. United States, 23 L. R. A. (N. S.) 1295; 6 R. C. L. 504.

The clerk of this court is hereby instructed to issue the writ of habeas corpus as prayed for by petitioner.

PITCHFORD, V. C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.