[No. 17135.  Department One.  October 30, 1922.]

THE STATE OF WASHINGTON, *Appellant,* v. E. W. McCOY,
*Respondent.*[1]

INJUNCTION (59)—NOTICE—REQUISITES. Rem. Comp. Stat., §§ 718,
722, providing that restraining orders and injunctions shall not
be granted without reasonable notice, have no application to an
injunction in a final judgment, entered on default, after personal
service of the summons and complaint.

SAME (41)—BOND—NECESSITY. Upon granting an injunction in
a final judgment· determining the case, no bond need be given as
provided for by Rem. Comp. Stat., § 725, in case of injunctions be-
fore final decree.

MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COM-
PENSATION ACT. Upon default in an action by the state to. collect
premiums from an employer in extra-hazardous employments, it is
mandatory to render judgment and grant an injunction against con-
ducting the business until the judgment is paid.

CONTEMPT (6, 8)—DISOBEDIENCE OF JUDGMENT—NOTICE. One
personally served with summons and complaint in an action for
an injunction, need not be served with notice of the judgment, in
order to be in contempt of court for violating the judgment.

SAME (13)—POWER TO PUNISH. It is the duty of the courts to
enforce their valid orders by punishment for contempt when notified
that they are not obeyed.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered March 3, 1922, in
favor of the defendant, dismissing a show cause order
for contempt for violating a judgment, after a hearing
before the court.  Reversed.

*The Attorney General, John H. Dunbar, Assistant,*
and *M. H. Wight,* for appellant.

HOLCOMB, J.—On December 11, 1920, the state in-
stituted an action in the superior court of Lewis
county by making personal service of summons and

[1]Reported in 209 Pac. 1112.

complaint upon respondent in Lewis county. The complaint contained two causes of action; the first was to recover the sum of $87.50 due the state for industrial insurance and medical aid premiums or assessments; and the second was to enjoin the defendant from further engaging in or prosecuting any extra-hazardous business or industry until a bond to insure the payment of future premiums, as demanded by the state, had been furnished. The summons and complaint were personally served upon respondent within the state, and the county where the action was brought. Respondent having failed to appear, answer, demur, or otherwise plead within the time allowed by law, appellant duly filed an affidavit setting forth these facts, together with motion for default and judgment, and such judgment was accordingly entered as prayed for in the complaint of appellant. Thereafter on the 21st day of January, 1921, a copy of the default and judgment, duly certified by the clerk of the court, was served upon respondent personally by the sheriff.

Thereafter the affidavit of Edward Clifford, director of the department of labor and industries, was filed in the cause, wherein it appeared that respondent, since the entry and service of the judgment, as aforesaid, had been engaged in extra-hazardous business or industry, but that he had absolutely failed to furnish, or offer to furnish, to the state of Washington for the benefit of the accident and medical aid funds a bond in the penal sum of $500, or in any sum whatsoever, and upon this affidavit the court issued an order to respondent directing him to show cause at a day and hour certain why he should not be punished for contempt for violating the judgment. At the return time specified in the show cause order, the court heard the arguments of counsel, and thereafter entered

judgment dismissing the order to show cause and released the respondent "from any liability of said injunction, on the ground and for the reason that there was no reasonable or proper notice of the time and place of making application for said injunction, and that no proper notice had been made to the defendant of said application, or of the hearing to be had thereon."

The injunction in this action was secured under and by virtue of § 7682, Rem. Comp. Stat., as amended by § 5, ch. 120, p. 474, Laws of 1917, being a part of what is known as the workmen's compensation act, which provides that:

". . . the commission may require from the defaulting employer a bond to the state for the benefit of the accident and medical aid funds, with surety to their satisfaction, in the penalty of double the amount of the estimated payments which will be required from such employer into the said funds for and during the ensuing one year, conditioned for the prompt and punctual making of all payments into said funds required during said year period, together with any penalty or penalties incurred. In case of refusal or failure after written demand personally served to furnish such bond, *the state in an action brought by the attorney general in its name shall be entitled to an injunction restraining such delinquent from prosecuting an extra hazardous occupation or work until such bond shall be furnished*. . . ."

The trial judge, in dismissing the show cause order, probably relied upon § 718 *et seq.*, Rem. Comp. Stat., which relates to restraining orders and injunctions, and he had especially in mind § 722, Rem. Comp. Stat., which provides:

"No injunction shall be granted until it shall appear to the court or judge granting it that some one or more of the opposite party concerned has had

reasonable notice of the time and place of making application, . . .''

A reading of the sections referred to, however, clearly shows that they have no application to the case at bar. Section 721, Rem. Comp. Stat., for instance, states that:

''The injunction may be granted at the time of commencing the action, or at any time afterward, before judgment in that proceeding.''

In the present case the injunction was final in nature, that is, it resulted from the final determination of the case. It was not interlocutory, temporary, or ancillary, or issued before judgment, but was in fact the final judgment or decree itself. Section 725, Rem. Comp. Stat., provides that:

''No injunction or restraining order shall be granted until the party asking it shall enter into a bond, . . .''

Certainly no bond could be required upon the final entry of a judgment granting an injunction, because by such decree the court has determined the rights of the parties upon the merits.

The complaint alleged facts which, under the workmen's compensation act, § 7682, Rem. Comp. Stat., as amended by ch. 120, § 5, p. 474, Laws of 1917, rendered it good as against demurrer, and warrants, if true, the relief demanded. In view of the failure of respondent to answer, it was proper, and indeed mandatory, to grant the injunction against him. *Cross v. Johnson,* 20 Wash. 124, 54 Pac. 1000.

Having been personally served with the summons and complaint, it was not necessary to serve the judgment by default, which contained the injunction, upon him, as was done. However, out of an abundance of care or consideration, he was personally served with

the judgment of injunction, and as appears from the affidavit of the officer of the department, wilfully violated it.

It is the duty of the courts to enforce their valid orders, and when it comes to their knowledge that such orders are not obeyed they should enforce obedience by punishment for contempt. *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 Pac. 52.

The judgment is reversed, with directions to the superior court to proceed to hear and determine the contempt proceeding upon the affidavit of the officer of the department.

PARKER, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.