TONY LABOZETTA, Petitioner, v. DISTRICT COURT OF POLK COUNTY et al., Respondents.

**INTOXICATING LIQUORS:** Action for Injunction—Notice of Decree. A defendant who has been duly noticed into court on an application against him for an injunction against the unlawful sale of intoxicating liquors *must* take notice of the resulting decree against him. (See Book of Anno., Vol. 1, Sec. 2017, Anno. 49 *et seq.*)

Headnote 1:   33 C. J. p. 702 (Anno.)

*Certiorari to Polk District Court.*—JOHN FLETCHER, Judge.

DECEMBER 15, 1925.

CERTIORARI to review an order adjudging petitioner guilty of contempt of liquor injunction.—*Affirmed.*

*Theodore Mantz,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for respondents.

MORLING, J.—The only contention of the petitioner is that it must be shown that he was either served with the order of injunction or a copy, or had knowledge or notice of the granting of the injunction.

On October 3, 1924, the defendant was served with an original notice, stating that there was then on file a petition asking, among other things, that defendant be enjoined from continuing the nuisance specified, by selling, dispensing, or keeping for sale any intoxicating liquor, in violation of law, on the prem-

ises named, "or at any other place in the state of Iowa." The petition on file alleged that defendant was conducting the nuisance referred to in the original notice, by selling, etc., intoxicating liquor in violation of law, and prayed for an injunction from directly or indirectly selling intoxicating liquors in violation of law, or keeping for sale or with intent to sell or dispense intoxicating liquor, in violation of law, on said premises or at any other place in the state of Iowa. Defendant did not appear. Decree was duly rendered, enjoining him from directly or indirectly selling or keeping for sale, with intent to sell or dispense, intoxicating liquor on the described premises, "or at any place in the state of Iowa in violation of law." On the trial of information for contempt in violating the injunction, petitioner testified, on direct examination: ·

"Q. Did you ever have any actual notice or knowledge that there was an injunction against you in this case? A. Not that I know of."

On cross-examination, he testified: ·

"Q. When you were down at 106 Fifth Street, were you served with notice of an action or of an injunction? A. No, sir; I closed up that place when they went down there and objected— Q. Now, Mr. Labozetta, wasn't it a fact that Judge Thompson locked that place up? A. I don't know anything about who locked it up, for I moved away. What they do with the place— * * * Do you know Joe Mallett [the deputy who served the original notice]? ˙ A. Sure, I know Joe Mallett. Q. Did Joe Mallett, the sheriff, come— A. Deputy sheriff? Q.— in December or November, 1924? A. What day? Q . Well, any day? A. Not that I know of. Q. Any time around December, 1924? A. No. Q. And didn't he demand of you that you pay certain costs and fees into the court? A. No, sir. Q. And you say you were not served with a notice of this action in the first place? A. I don't understand about that, Mr. Mantz. * * * Did Joe Mallett serve a notice on you,—Joe Mallett, the deputy sheriff,—about the 8th. day of October, 1924, on the original notice? A. I don't remember if he did or not."

The original notice was shown to him, and he was asked whether he received a copy, and said that he did not remember— couldn't say.

Dec., 1925]     LABOZETTA v. DISTRICT COURT.          1341

Section 2405, Supplemental Supplement, 1915, provides:

· "When an injunction has been granted, it shall be binding on the defendant throughout the state, and any violation of the provisions of this chapter by manufacturing, selling or keeping for sale of intoxicating liquors anywhere within the state shall be punished as a contempt, as provided in this chapter."

Section 2407, Supplemental Supplement, declares a penalty for each subsequent violation. Section 2020 of the Code of 1924 is substantially the same as the above quoted provision.

The injunction decree conclusively established that the defendant had been engaged in the unlawful sale of intoxicating liquors. This decree was entered on due notice, and defendant cannot dispute its binding effect. The defendant is concluded from denying that he had been illegally selling intoxicating liquors and had been enjoined from selling such liquor in the future, and he was charged with knowledge of the law that such an injunction was binding upon him throughout the state, and that any future violation of the law by selling intoxicating liquors anywhere within the state would be punished as a contempt. He was a party defendant, and had had his day in court, and was not a stranger to the proceedings. He knew, when he was engaged in the selling of liquor for which he was adjudged to be in contempt, that he was doing an illegal act and exposing himself to the penalties prescribed by law therefor. Such cases as *Harris v. Hutchinson,* 160 Iowa 149, in which the injunction was against the occupant and the proceedings for contempt were against the barkeeper, who was not a party to the injunction proceedings, are not in point. *State v. McCoy,* 122 Wash. 94 (209 Pac. 1112). In *Bunting v. Powers,* 144 Iowa 65, a conviction for contempt was sustained, against the objection that no writ of injunction was served. The court said:

"It does appear, however, that the injunction was entered in the form of a decree after an appearance by the complainant as a defendant in the suit. In such case no formal service of a writ was necessary."

In *Eaton v. De Graff,* 184 Iowa 769, the court ordered service of the injunction, but service was not made. The petitioner in that case testified that he was not in court at the time of the trial; that he did not remember being enjoined or that an in-

junction suit had been brought against him or notice served. He did finally admit that he was served with an original notice, and that he had a lawyer take care of all his business. His attorney appeared. It was held that he was affected with notice of the entry of injunction though he was not personally advised and had no actual notice that the order had been entered. It was held that the decree for injunction was self-enforcing. The principle of these cases is that the defendant was within the jurisdiction of the court, and, as a party, bound by its decree. *Corbett v. Bryan,* 83 Okla. 39 (200 Pac. 450); *Ayres v. Campbell,* 9 Iowa 213.

It is not disputed that the petitioner was selling or keeping for sale intoxicating liquors in violation of law, as charged in the contempt proceedings. He was not being prosecuted in the contempt proceedings for the innocent commission of a lawful act. He will not be heard to deny that he knew the law and knew that he was violating it, both on the occasion of the sale for which he was originally convicted and that for which he was convicted of contempt. He was brought into court on proper notice, and the law does not permit him to deny the validity of the decree that was rendered against him on such notice. Charged, as he was, with knowledge of the decree that was entered against him, he will not be heard to deny that he knew that the court was commanded by the law to enjoin him from selling intoxicating liquors in its violation at any place within the state, or to deny that he knew that the court had obeyed the law's command. The statute provides for adequate notice to the defendant of injunction proceedings for violation of the liquor laws, and secures to him ample opportunity to be heard and to protect himself if he is innocent. By defaulting, he voluntarily leaves the case with the court for determination on the evidence that shall be produced against him; and we perceive no reason why he should not be bound by and charged with notice of a resulting decree that does not transcend the notice or the petition or the law. The defendant was charged by law with notice of the entry of the decree and of its consequences and of the right to the issuance of process provided by law for its enforcement. *Ayres v. Campbell,* 9 Iowa 213; *Phillips v. Germon,* 43 Iowa 101; *Endicott Johnson Corp. v. En-*

*cyclopedia Press,* 266 U. S. 285, and cases cited. For us to require notice additional to that required by the statute, and particularly to require the service of notice of decree upon those who by proper proceeding have been duly enjoined, would be by judicial legislation to place heavier burdens on officers charged with the enforcement of the prohibitory law, would unjustly hamper them in the performance of their duties, and would result, in a large class of cases, in granting total or partial immunity to persistent violators.

The writ is discharged and the judgment affirmed.— *Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.