## TUCKER v. STATE EX REL. SNOW, COUNTY AND PROSECUTING ATTORNEY*

(No. 1265; December 7, 1926; 251 Pac. 460.)

JUDGES—CHANGE FOR BIAS OR PREJUDICE—CONTEMPT—INTOXICATING LIQUORS—CHANGE OF VENUE—STATUTES—IMPLIED REPEAL—ABATEMENT OF NUISANCE—CONSTITUTIONAL LAW—EVIDENCE.

1. Neither Comp. St. 1920, §§ 6419, 6421, relating to change of judge in civil cases, nor section 6423, relating to change in criminal cases, authorize change of judge for bias or prejudice in contempt proceedings.

2. "Civil contempt" occurs where one refuses or fails to comply with order of court in civil case and punishment is meted out on instance and for benefit of party. "Criminal contempt" proceedings are punitive to vindicate authority of law and court, and, though they may arise in private litigation, true issue is between public and defendant.

3. Contempt proceeding for violating order enjoining maintenance of liquor nuisance is criminal or quasi criminal in character.

4. Changes of venue or of judges are purely statutory.

5. Direct contempt in presence of court intended to obstruct administration of justice is criminal or quasi criminal in character.

6. Laws 1921, c. 87, §§ 1-4, 9, in so far as they relate to liquor nuisances, abatement thereof, and violation of incidental injunctions, were impliedly repealed by provisions relating to same subject-matter in Laws 1921, c. 117, particularly sections 20, 21, and 24.

7. Subsequent statute covering whole ground occupied by earlier statute impliedly repeals former statute.

8. That prosecuting attorney erroneously sued for abatement of liquor nuisance and for injunction under Laws 1921, c. 87, instead of under chapter 117, which repeals chapter 87, did not deprive court of jurisdiction to abate nuisance, where petition contained necessary allegations under chapter 117 as to existence of nuisance and defendant's maintenance thereof.

9. On error to review order punishing defendant for contempt for violation of liquor nuisance injunction, claim that court had no jurisdiction because petition for abatement

of nuisance and for injunction fails to state cause of action is collateral attack on injunction order, and only question for consideration is whether trial court had jurisdiction of case.

10. Defects in petition for abatement of liquor nuisance and for injunction do not deprive court of jurisdiction.

11. Information in contempt proceedings, charging that defendant on two occasions violated specific liquor nuisance injunction of which defendant had knowledge, *held* not defective in failing to state defendant was served with injunction order.

12. Under Laws 1921, c. 117, § 21, information in contempt proceedings, charging that defendant on two occasions violated specific liquor nuisance injunction, *held* not defective in·failing to state that defendant was maintaining liquor nuisance, since single unlawful sale of liquor makes defendant liable for contempt.

13. Laws 1921, c. 117, entitled as relating to intoxicating liquor, prohibiting possession, manufacture, and sale thereof, and carrying into effect Eighteenth Amendment to federal Constitution, does not violate state Constitution, art. 3, § 24, requiring bills to contain only one subject expressed in their titles, because title did not include anything relating to abatement of liquor nuisances or issuance of injunctions; such provisions being incidental to general purpose of act as expressed in title.

14. Contempt proceedings for violation of liquor nuisance injunction is incidental to main case for abatement of liquor nuisance and for injunction and, in such proceeding, court may take judicial notice of injunction order.

15. In contempt proceedings, evidence *held* sufficient to warrant finding that defendant sold intoxicating liquor in violation of injunction order.

*See Headnotes:   (1) 33 CJ p. 1002 n. 10 New.   (2, 3) 13 CJ p. 5 n. 4; p. 6 n. 18; p. 7 n. 23, 24, 26.   (4, 5) 13 CJ p. 6 n. 14; p. 57 n. 87, 88; p. 60 n. 22; 33 CJ p. 1002 n. 10 New; p. 1026 n. 55; 40 Cyc. p. 117 n. 18.   (6) 33 CJ p. 691 n. 66.   (7) 33 CJ p. 691 n. 66; 36 Cyc. p. 1078 n. 43.   (8) 33 CJ p. 697 n. 43 New, 56.   (9, 10) 33 CJ p. 697 n. 43 New; p. 704 n. 67 New.   (11) 33 CJ p. 702 n. 26.   (12) 33 CJ p. 701 n. 22; p. 702 n. 26.   (13) 36 Cyc. p. 1052 n. 29.   (14, 15) 23 CJ p. 112 n. 33; 33 CJ p. 702 n. 31; p. 703 n. 50 New, 55.

ERROR to District Court, Big Horn County; P. W. METZ, Judge.

Contempt proceedings by the State, on the relation of William C. Snow, County and Prosecuting Attorney, against P. A. Tucker, for violation of a liquor nuisance injunction. From a judgment finding defendant guilty of contempt defendant brings error.

*E. E. Enterline* and *F. A. Little,* for plaintiff in error.

The motion for change of Judge should have been granted; Murdica v. State, 22 Wyo. 196; 6419 and 6423 C. S.; the bill does state a cause of action; 5649 C. S.; Blue v. Blue, 30 A. L. R. 1169. The allegations of the bill are in the alternative and fatally defective; 33 C. J. 697; U. S. v. Cohen, 268 Fed. 420; U. S. v. Butler, 278 Fed. 677; U. S. v. Lot 29, Block 16, 296 Fed. 729. The bill is predicated under the provisions of Chapter 87, Laws 1921, repealed by provisions of Chapter 117, Laws 1921. The trial court was without jurisdiction to adjudge defendant guilty of contempt; Miskimmins v. Shaver, 8 Wyo. 392; Bandy v. Hehn, 10 Wyo. 157; State v. Kusel, 29 Wyo. 287; State v. LaFollette, (Ore.) 196 Pac. 412. The information does not state facts showing a violation of the injunctional order; People v. Hadley, (Cal.) 226 Pac. 837; U. S. v. Cohen, supra. Defendant's motion to quash the bench warrant should have been sustained; the order adjudging contempt is not sustained by sufficient evidence; 13 C. J. 6, 77-78; 6 R. C. L. 490; Jones v. U. S., 209 Fed. 585. A defendant charged with one offense, cannot be convicted of another; Fields v. Territory, 1 Wyo. 78; State v. Lowry, 29 Wyo. 251; State v. Wells, 29 Wyo. 335. The title of Chapter 117, Laws 1921, is defective; in re Judicial District, 4 Wyo. 133; State v. Tobin, (Wyo.) 226 Pac. 681; Lamar Co. v. Co., 26 Colo. 370; People v. Frederich, (Colo.) 185 Pac. 657. Equity is without jurisdiction to abate a public nuisance; U. S. v. Lot 29, supra; State v. Ehrlick, (W. Va.) 23 L. R. A. N. S. 691.

*D. J. Howell,* Atty. Gen., and *Ray E. Lee,* Sp. Asst. Atty. Gen., for defendant in error.

The application for a change of Judge was out of time; 6421 C. S.; one accused of contempt is not entitled to a change of venue or change of Judge.; Noble Tp. v. Aasen, 86 N. W. 742; State v. Clancy, 76 Pac. 10; Bloom v. People, 48 Pac. 519; State v. Court, 77 Pac. 318; Grain Co. v. Board, 201 Fed. 20; Bank v. Steinhoff, 7 Wyo. 464. The original bill stated a cause of action.

*W. C. Snow,* Prosecuting Attorney, Big Horn County, for defendant in error.

The law does not contemplate that a change of Judge may be demanded at any time; Chapters 87 and 117, Laws 1921, might be considered contemporary legislation; the bill alleged facts showing unlawful use of the premises in the traffic of intoxicating liquor; a prayer for general relief will suffice where the relief results from the facts stated in the bill; Katz v. Obenchain, (Ore.) 85 Pac. 617. The substance of the bill determines its character; Rugg v. Lemley, (Ark.) 115 A. S. R. 17. A mistake in the specific relief requested will not deprive the party of that relief to which the nature of the request entitles him, if there be a general prayer; Beebe v. Bank, 1 Johns N. Y. 529; Brown v. Wylie, (W. Va.) 98 Am. Dec. 781. As to contemporaneous statutes, see Vol. 25 R. C. L. 180.

### STATEMENT OF FACTS

On November 23, 1923, an action was commenced in the District Court of Big Horn County in the name of the State of Wyoming, on relation of William C. Snow, County and Prosecuting Attorney, against the Alamo Hotel, P. A. Tucker and others, to abate a nuisance and for injunction. The petition in the case alleges in substance as follows: That premises in the town of Greybull, known as the Alamo Hotel, are, and for two years last past have

been, continuously and habitually used, owned or leased for selling, peddling, keeping and dispensing intoxicating liquor contrary to law; that it is now and has for two years past been maintained, used or leased as a tippling house, or saloon, to which drunkards, thieves and disorderly persons of both sexes resort, and wherein persons purchase and consume intoxicating liquor, become drunk, quarrelsome or stupified, and where such stupified persons are relieved of valuables by thieves frequenting the place, and where liquor in wholesale quantities is stored for use in liquor traffic of wide extent throughout the state; that notwithstanding that plaintiff, since last March, has thrice raided the place on such warrants and each time found liquor in the place, and each time has made complaint against the persons found in possession thereof, including three charges for the same offense against the defendant Tucker, and arrests have been made of persons selling liquor in said hotel, and one charge therefor has been made against the defendant Tucker, yet bonds have been furnished in these cases and it has been since impossible, by reason of having no jury term of court, to bring these charges to trial; that the result has been to bring the law into scandal and contempt and injure the reputation of the town of Greybull; that the property of the town of Greybull in the neighborhood of the said hotel is being injured for residence and business purposes by the existence of such illegal traffic, all of which makes the said Alamo Hotel a nuisance; that since the beginning of the month of October, 1923, as previously, the said hotel has been occupied, controlled and managed by the defendant P. A. Tucker (and others, naming them), nominally as a hotel, but really for the purpose of storing and selling intoxicating liquor, and that the sale of liquor therein continues as before, under the management and control of the defendants; that the business of trafficing in liquor at the Alama hotel has been conducted during the period

of two years, aforesaid, by the defendant P. A. Tucker
(and others, naming them); that the entire premises,
either continuously or alternately, are used for and de-
voted to the business of trafficing in liquor. Wherefore
plaintiff prays that the Alamo Hotel, aforesaid, may be
declared a nuisance and an order entered for the abate-
ment of the same, said order directing the removal of all
fixtures, furniture and movable property contained there-
in used in conducting, keeping, maintaining, storing, sell-
ing or giving away intoxicating liquor with intent to vio-
late the laws of this state; and that the court enter an
order closing said building against its further illegal use
for the period of one year; and that an injunction or tem-
porary restraining order, pendente lite, may be granted
forbidding the defendants from keeping, maintaining,
storing, selling and giving away intoxicating liquor in
said hotel, and forbidding the removal therefrom of any
movable property on said premises used in connection
with or in maintaining said nuisance; and that the said
temporary restraining order may be made permanent on
the entry of the final judgment or decree; that when said
injunction is made permanent a tax of $300 may be as-
sessed against said hotel. Plaintiff prays for such other
and further relief as may be equitable.

On the 10th day of December, 1923, upon a hearing had
on said petition, the defendant Tucker appearing by
counsel, an order for temporary injunction was made and
entered by the court in said case, enjoining said defend-
ants from keeping, maintaining, storing, selling or giving
away intoxicating liquor, in violation of law, on said
premises, and from removing any movable property there-
from, used in connection with or in maintaining the busi-
ness of storing, selling or giving away intoxicating liquor
in violation of law.

On January 21, 1924, a contempt proceeding was insti-
tuted by means of an information filed in the office of the

Clerk of the District Court of said Big Horn County by the County and Prosecuting Attorney of said county, charging that said defendant, P. A. Tucker, on the 19th day of January, 1924, in the county of Big Horn, in the state of Wyoming, knowingly and unlawfully sold and delivered in said Alamo Hotel "unto Orrin M. Elmer, intoxicating liquor to the amount of four quarts, and on the same day and date and at the same place, to-wit the Alamo Hotel, did sell and deliver unto said Elmer and to one Moore, whose first name to affiant is unknown, a drink each of intoxicating liquor, knowingly and unlawfully, contrary to a certain order of injunction, issued out of the District Court of Big Horn County, Wyoming, on the 10th day of December, 1923, of which injunction the said P. A. Tucker then and there had notice, forbidding the said P. A. Tucker and all other persons from keeping, maintaining, storing, selling or giving away intoxicating liquor in violation of law on the premises known as the Alamo Hotel, aforesaid; said injunction having issued in the case wherein the State of Wyoming is plaintiff (ex rel. William C. Snow, County and Prosecuting Attorney) and the Alamo Hotel, C. W. Shomo, P. A. Tucker, et al., are defendants, contrary to the form of statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

A bench warrant was issued upon the filing of said information and the defendant arrested thereunder and brought into court to answer the said information. On the 1st day of February, 1924, and prior to the hearing had on said information, the defendant filed, in the original action and also in the contempt proceeding instituted by information as aforesaid, his motions, supported by affidavits for a change of judge, alleging that defendant could not have a fair trial on account of prejudice and bias of the judge of the 5th Judicial District of Wyoming, and asking the court to call in another judge to try the

case. These motions and affidavits were presented to the court before the hearing was had in the contempt proceeding, but were denied, to which an exception was duly taken. The defendant then moved the court to dismiss the bill for injunction and the information in the case, and to quash the order and bench warrant upon which the defendant was brought into court, for the alleged reason that neither the bill nor the information states facts sufficient to constitute a cause of action in favor of the plaintiff and against the moving-defendant; and that plaintiff's bill and the information do not state facts sufficient to entitle plaintiff to the relief prayed for against the moving-defendant. This motion was denied and exception noted. The hearing on the information thereupon proceeded, and upon the conclusion thereof the court found the defendant Tucker guilty of contempt, and assessed a fine against him in the sum of $500, said defendant to be confined in jail until the payment of the same. Upon request that the court should indicate under which law the fine was imposed, the court stated that it was done pursuant to the authority under section 24, chapter 117, Session Laws of Wyoming, 1921. From the judgment so entered by the court, the defendant Tucker has brought his proceedings in error to this court.

Blume, Justice.

#### OPINION

1. The first point urged herein is that the court ought to have permitted a change of judge in the contempt proceeding. The court refused to permit such change, upon the ground that the affidavit therefor was filed more than thirty days after service of the summons in the main case. Section 6419, W. C. S. 1920, provides, among other things, that if a party to a civil action in any district court of the state, files an affidavit alleging, among other things, that the person making the affidavit believes that, on account

of the bias or prejudice or interest of the presiding judge, he cannot obtain a fair trial, the court or judge shall make an order calling on some other judge to preside in the trial of the case. Section 6421, W. C. S. 1920, provides, among other things, that if a change of judge shall be desired by either party, the affidavit required by law and the motion for a change of judge shall be filed not later than thirty days after service of summons has been had upon the defendant or defendants. Section 6423, W. C. S. 1920, provides for a change of judge in criminal actions upon the same grounds as in civil causes, provided that the change must be demanded and the affidavit therefor filed not later than the succeeding day after a plea of not guilty has been entered in the case and endorsed on the information. It is contended by counsel for the defendant Tucker that the limitation of thirty days, mentioned in section 6421, supra, has no application in the case, and we think that this is true. While it might happen that a contempt proceeding would be instituted within thirty days after the service of the summons in the main case, like that at bar, this probably would not be true in the majority of cases. And it is hardly probable that the legislature meant to leave it to chance whether a defendant in a contempt proceeding should be entitled to a change of venue or not. But inasmuch as no change of venue or of judge is permitted in a civil action at all, unless the change is requested within thirty days after service of summons, it necessarily follows that the legislation for change in civil cases has no application to contempt proceedings. The more serious question is, whether section 6423, supra, providing for a change in criminal cases, applies. Contempts are often divided into those that are civil and those that are criminal. A civil contempt is one where a person refuses or fails to comply with an order of court in a civil case, brought primarily for the benefit of the plaintiff. Punishment in such case is meted out at

the instance and for the benefit of a party-litigant. The proceeding is in furtherance of the right of a private person, which the court has determined that he, as a litigant, is entitled to. Contempts for refusal to pay alimony may be cited as an example. Criminal contempts, on the other hand, are punitive in character and the proceeding is to vindicate the authority of the law and the court as an organ of society. Such contempts, while they may arise in private litigation, raise in a true sense an issue between the public and the accused. There can be no doubt that the proceeding in the case at bar belongs to the latter class. State ex rel. v. Daugherty, 137 Tenn. 125, 191 S. W. 974; McGovern v. United States, (C. C. A.) 280 Fed. 73; Lewinsohn v. United States, (C. C. A.) 278 Fed. 421. Such proceedings have frequently been designated as criminal or quasi-criminal in character. 33 C. J. 701. In the case of Gompers v. United States, 233 U. S. 604, 34 Sup. Ct. 693, 58 L. Ed. 1115, Am. Cas. 1915 D, 1044, a case involving a criminal contempt, it was said:

"It does not follow that contempts of the class under consideration are not crimes, or rather, in the language of the statute, offenses, because trial by jury, as it has been gradually worked out and fought out, has been thought not to extend to them as a matter of constitutional right. These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in the English speech. So truly are they crimes that it seems to be proved that in the early law they are punished only by the usual criminal procedure, and that at least in England it seems that they still may be, and preferably are, tried in that way."

True though this undoubtedly is, and though, further, we do not deny that if a change of judge is justifiable in criminal cases generally, it is, perhaps, just as justifiable in contempt proceedings like that at bar because of the fact that the personal views of the judge may play an important part in the proceeding, still changes of venue and of judges are purely statutory, and authority for the change of judge asked for in the proceeding in the case at bar must be found in the statutes of this state. Heather v. Palmyra, (Mo.) 276 S. W. 872; Holmes v. Coalson, (Tex. Civ. App.) 178 S. W. 628; Buchanon v. Crow, (Tex. Civ. App.) 241 S. W. 563; State v. Risjord, 183 Wisc. 553, 198 N. W. 273; Franken v. State, (Wisc.) 209 N. W. 766; Powell v. Sutro, 80 Cal. 559, 22 Pac. 308; Danielson v. Danielson, 62 Mont. 83, 203 Pac. 506. Now a contempt committed in the presence of the court, commonly called a direct contempt, and intended to obstruct the administration of justice, is just as much a criminal or quasi-criminal proceeding as that in the case at bar. 13 C. J. 57. A requirement that a change of judge should be permitted in a case of that kind would not alone hamper, but almost make impossible, the administration of justice, and we could not, accordingly, hold that the legislature, by the provisions of section 6423, supra, contemplated any right to a change of judge in such case, even assuming that it could have constitutionally enacted such law, which is at least doubtful. And since direct contempts could not be held to have been so included, how could we hold that another species of contempt, namely indirect contempt, is included, when the statute mentions only "criminal actions?" It has been stated to be the general rule that a party accused of contempt is not entitled to a change of venue. 13 C. J. 60.

In Heather v. Palmyra, supra, it was held that a party to a civil suit is not entitled to a change of venue in an ancillary proceeding connected with the main case, such

as a proceeding for the enforcement of a judgment therein. In the case of Gorham v. New Haven, 82 Conn. 152, 72 Atl. 1012, it was held that:

"A motion for an attachment for contempt, when there is a disobedience of an injunctional order, is not disconnected from the decree which it seeks to enforce. Such a proceeding is but an incident to the original action. In effect it is an application for an execution of a judgment already rendered."

That was the holding also in the case of Fiedler v. Construction Co., 162 Mo. App. 528, 142 S. W. 1111. And in the case of State v. Bland, 189 Mo. 197, 88 S. W. 28, 3 Ann. Cas. 1044, the court said, among other things, though perhaps by way of dictum, as follows:

"It is settled law that every constitutional court of common-law jurisdiction has the inherent power to punish for contempt.  *  *  *  It is settled law that contempt cases are sui generis;  *  *  *  that contempt proceedings are summary; that there is no constitutional right to trial by jury, and that no change of venue will lie."

In the case of Crook v. The People, 16 Ill. 534, the court said:

"Informations against persons for contempts in disturbing the order of court in its presence or out of it, for breach of injunctions, and disobeying its orders and decrees and such like, are not within the meaning nor of the character of informations, in the 5th section of the act in relation to change of venue, Revised Statutes, 528. Informations, within the meaning of said act, are such as are punishable under the provisions of the criminal code, upon presentment of the grand jury, information filed ex-officio by the state's attorneys and on appeals from justices of the peace."

In the case of State ex rel. v. Clancy, 30 Mont. 193, 76 Pac. 10, the court said that it would not hold that a change of venue should be granted in a contempt proceeding in the absence of express legislation providing therefor, and the court, in the course of its opinion, cites Rapalje on Contempts, section 110, where it is stated as follows:

"It may safely be laid down as a general rule, that statutory provisions relative to a change of venue have no application to proceedings to punish contempts, unless such proceedings are expressly included eo nomine in the written law."

In the case of Noble Twp. v. Aasen, 10 N. Dak. 264, 86 N. W. 742, involving a contempt proceeding, the court said:

"We are clear that the defendant was not entitled to have an outside judge called in to hear this proceeding. The sections of the code relied upon by the defendant, and above cited, have reference either to a civil or criminal action proper, and this proceeding is neither the one nor the other. If the proceeding is to be regarded as a means of punishing a criminal contempt of court, it must be claimed as a summary proceeding of a quasi-criminal nature, and hence not a criminal action. * * * If, on the other hand, the proceeding is to be regarded as a remedy resorted to in the interest of a suitor in a civil action, it must, under the statute, be regarded as a motion made in an action. * * * If an attachment is issued in a contempt case, the matter at once becomes an original, special proceeding, wherein the State is plaintiff and the accused is defendant. The application to call in an outside judge was therefore properly denied."

Counsel herein have cited us to no case holding that in the absence of a statute specially providing therefor a party accused of contempt, as in the case at bar, is entitled to a change of judge. We think that we are constrained to hold, under the foregoing authorities, that the holding of the district court on the present point was correct. If such change is desirable, the remedy should be sought at the hands of the legislature.

2. It is further contended that the court had no jurisdiction in the case, because the petition for the abatement of a nuisance and for an injunction was brought under the provisions of chapter 87, Session Laws of 1921, and particularly sections 1, 2, 3, 4 and 9 thereof, while the court held that the provisions of chapter 117, Session Laws of 1921, and particularly sections 20, 21 and 24 thereof applied in the case. Chapter 87, supra, went into effect on February 19, 1921; chapter 117, supra, was signed and approved February 22, 1921, and it is contended that chapter 117, supra, repealed the provisions of chapter 87, in reference to liquor nuisances and the abatement thereof. Chapter 117, supra, is substantially an act to carry into force and effect, in the State of Wyoming, the National Volstead Act. The provisions relating to nuisances and the abatement thereof, in both of these laws, are lengthy, and we shall not attempt to set them out at length. Chapter 87, supra, deals entirely with nuisances created by prostitution, gambling and the storing and disposal of intoxicating liquor. The nuisances mentioned in chapter 117, supra, relate solely to those created by the keeping and disposal of intoxicating liquor. Under chapter 87, an action for abatement of a nuisance may be brought in the name of the state by the county attorney or any citizen; under chapter 117, the action may be brought in the name of the state by the attorney general, the county attorney or any citizen. The actions in both laws are declared to be in equity. Under both laws

a temporary writ of injunction may issue without bond, upon a showing, made by affidavit or otherwise, that a nuisance exists. Under chapter 87, a temporary injunction is binding throughout the judicial district in which it is issued. No such provision is contained in chapter 117. Under the latter, if a temporary injunction is prayed, the defendant may be restrained from removing and interfering with liquor or fixtures found in the building sought to be declared a nuisance; no such provision is found in chapter 87. Under the latter, the action is triable at the first term of the court after service of notice; no such provision is found in chapter 117. Under chapter 117, the provision is made that it is not necessary to find that the nuisance complained of was continuing at the time of the hearing; no such provision is found in chapter 87. Under chapter 87, a provision is made that evidence of the general reputation is admissible; while no such provision is found in chapter 117. Under the latter, the place complained of may be allowed to be opened upon giving a bond in the sum of from $500 to $1,000; while under chapter 87, the place complained of may be reopened by giving a bond in the full value of the property and by paying the costs. Under chapter 117, if judgment is against the defendant, an attorney fee of from $50 to $200, to be paid complainant, may be taxed in the case, and becomes a lien upon the property of the defendant; under chapter 87, on the other hand, a tax of $300 must be assessed against the property. Under chapter 117, a violation of the law by a lessee works a forfeiture of the lease at the option of the lessor; while no such provision is contained in chapter 87. A violation of an injunction issued in the case under chapter 87 may be punished by a fine of not less than $200, nor more than $1,000, or by imprisonment in the county jail not less than three, nor more than six months, or by both; while the violation of an injunction issued under chapter 117 is punishable by a fine of not less than $500 nor more

than $1,000, or by imprisonment of not less than thirty days nor more than twelve months, or by both such fine and imprisonment.

It is accordingly seen that a number of provisions in one law are absolutely inconsistent with provisions in the other, and this is especially true in connection with the penalty assessed, both for keeping the nuisance as well as for violating an injunction issued in the case. We think, accordingly, that the provisions of chapter 87, in so far as they relate to liquor nuisances, the abatement thereof, and the violation of an injunction issued in connection therewith, were repealed by implication by the provisions relating to the same subject matter contained in chapter 117, supra, particularly since the provisions made in the latter chapter for the various steps in the abatement of such liquor nuisances and the violation of injunctions in connection therewith, are full and complete. For it is a rule well known and recognized by many authorities that where a subsequent statute covers the whole ground occupied by an earlier statute, it repeals by implication the former statute. 36 Cyc. 1077-1079, and many cases cited; State v. Marxhousen, 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505; Farley v. United States, 269 Fed. 721. In the case of Walker v. Com., 192 Ky. 257, 232 S. W. 617, a case involving a point similar to that here, the court said, among other things:

"It is the contention of appellant that the act of 1920 was intended by the legislature to supercede all other anti-liquor laws of the state, and such is its effect, * * * We think this contention sound for the following reasons: First the title of the act shows that it was intended to supercede all others on the same subject. Its language is as follows: 'An act to prohibit and provide penalties for the manufacture, sale, transportation or other disposition of spirituous, vinous, malt or intoxicating liquors except

for sacramental, medicinal, scientific or mechanical purposes in the commonwealth of Kentucky and to regulate the manufacture, sale and transportation of alcohol for non-beverage purposes thereunder. * * * It will be observed that the penalties prescribed by the act of 1920, are more severe than those of the act of 1916, and further observed that the penalties imposed by the act can only result from the violation of 'any of the provisions of this act.' * * * Manifestly the changing of the penalty would serve to repeal that of the old statute in the absence of a contrary intention on the part of the legislature; certainly the penalty of the old statute is in conflict with that of the new. Third, the passage of the act of 1920 having followed the adoption by the states of the prohibition amendment to the Federal Constitution, it may safely be concluded that the legislature intended by its enactment * * * to include in its provisions everything to make the amendment effective. * * * In any event it must be held that the act of 1920, changing the penalty as contained in the former act by implication, repealed it, making the act of 1920 a substitute therefor.''

So in the case at bar, the title of chapter 117, supra, hereinafter set out, seems to be intended to cover the whole subject in regard to intoxicating liquors; the act repeals all other acts in conflict therewith; the penalties therein provided relate only to violations under that act; and further, the sections therein contained relating to liquor nuisances seem to be intended to cover the entire field thereof, since they make up a complete whole. But it does not follow from this, we think, that simply because the prosecuting attorney in the case at bar erroneously brought the action for the abatement of a nuisance and an injunction under chapter 87, as he undoubtedly did, the petition gave no jurisdiction to the court to abate a liquor nuisance contemplated in chapter 117, supra.

The essential averments, necessary under chapter 117, namely the existence of a liquor nuisance, and that the defendant maintained it, are contained in the petition filed in the case at bar, and we are unable to see that simply because the prosecuting attorney alleged more than was necessary, this should deprive the court of jurisdiction. The prayer in the petition, too, is broad, and asks for the abatement of the nuisance—the main prayer necessary in a case of this character—and simply because he prayed for the penalty not warranted under the law, did not deprive the court, we think, of authority to abate the nuisance or to issue a temporary injunction, as contemplated under chapter 117, supra, or of jurisdiction to punish the violation of a temporary injunction, as provided in section 24 of said chapter.

3.   It is further contended that the court had no jurisdiction in the case for the reason that the petition aforesaid fails to state a cause of action. Such claim in the present proceeding is a collateral attack on the order of the court for a temporary injunction, and our only inquiry, therefore, can be whether the court had jurisdiction in the case. It is pointed out that a number of allegations are disjunctive rather than conjunctive. Some of the allegations in the petition, however, are not subject to the objections urged by counsel. In any event, we have on several occasions discussed the question of whether a petition in a civil case or an information in a criminal case, which fails to state a cause of action or a crime, deprives the court of jurisdiction. We held in the case of State v. Kusel, 29 Wyo. 287, 213 Pac. 367, that the court had jurisdiction of a criminal case, notwithstanding the fact that the information was defective, and in fact stated no offense, provided that it could be gathered therefrom that it intended to charge a particular offense. In Laramie Land Co. v. Hoffman, 30 Wyo. 238, 256, 219 Pac. 561, we substantially held that a petition is sufficient

to give jurisdiction, if it may be gathered from the allegations thereof that the party was seeking the relief granted, or that he was entitled thereto. In that case a petition for the establishment of a road was involved, but the principle would apply to any civil case. The question was also to some extent discussed in the case of State ex rel. Yohe v. District Court, (Wyo.) 238 Pac. 545, 552, 553. In Court Rose etc. v. Corna, 279 Ill. 605, 117 N. E. 144, and in Ex parte Brambini, 192 Cal. 19, 218 Pac. 569, 573, it is held that if a bill, upon which an injunction is granted, is defective, it must be tested by demurrer in court and not by disobedience. In the Illinois case just cited the court, among other things, said:

"Where an injunction, order, mandate or decree of the court has been disobeyed or disregarded and there is a proceeding of contempt of the court for such disobedience or disregard, the only question to be considered is whether the court had jurisdiction to make the order or decree. Jurisdiction is the power to hear and determine the matter in controversy, and if the power existed, the question, whether the court erred or the power was improperly exercised, is not involved, and errors of the court constitute no defense whatever. An injunction, void because of want of jurisdiction in the judge who ordered it, may be disregarded, and the person disregarding it is not guilty of contempt. * * * But a party enjoined cannot refuse to obey the injunction upon the ground that it is erroneous or improvidently granted. If the bill, upon which an injunction is granted, is defective, it must be tested by demurrer in court and not by disobedience to the writ. The jurisdiction of a court of equity does not depend upon the correctness of the decision made, but an order made in the exercise of jurisdiction must be obeyed until the order is modified or set aside by the court making it, or reversed in a direct proceeding by appeal or on error."

We think that in the case at bar the petition contained sufficient allegations to invoke the jurisdiction of the court, and the contention made cannot, accordingly, be sustained.

4.  It is further contended that the information in the contempt proceeding does not state facts sufficient to charge the defendant with the violation of any injunctional order.  We fail to see the force of this.  The information charges that the defendant, on two several occasions, violated a specific injunction, namely, one issued out of the District.Court of Big Horn County, Wyoming, on the 10th day of December, 1923, in a case in which the State of Wyoming was plaintiff and the Alamo Hotel and others, including the defendant Tucker, are defendants. The purport of the injunction is given; namely, ''that it enjoined the defendant Tucker and all other persons from keeping, maintaining, storing, selling or giving away any intoxicating liquors, in violation of law; on the premises known as the Alamo hotel.''  It is urged that the information should have stated that the defendant was served with the injunctional order.  But that was unnecessary. The information states that the defendant had knowledge of the injunction, and that was clearly sufficient.  Ex parte Brown, 66 Cal. App. 534, 226 Pac. 650; Ex parte Brambini, supra; State v. Ajster, 218 Ill. 230, 149 N. E. 297; Welling v. United States, 9 Fed. (2nd) 292; State v. Froelich, 316 Ill. 77, 146 N. E. 733; Lewinsohn v. United States, (C. C. A.) 278 Fed. 421; Hawks v. Fellows, 108 Iowa 133, 78 N. W. 812; United States v. Westmoreland, (D. C.) 294 Fed. 735; see also Labozetta v. District Court, 200 Iowa 1339, 206 N. W. 139.  As supporting our holding as to the general sufficiency of the information, see Pumphrey v. Anderson, 141 Iowa 141, 149 N. W. 528; Ex parte Brambini, supra; McGlasson v. Scott, 112 Iowa 289, 38 N. W. 974.  Nor do we think that the further claim, that the information should have set forth that the defendant was

maintaining a nuisance, is well taken. It is perhaps true, as claimed by counsel for the defendant, that a single sale of intoxicating liquor in violation of law is not ordinarily enough to bring the offense within the terms of the nuisance-section of the law. United States v. Cohan, (D. C.) 268 Fed. 421; Miller & Gibson v. State, 3 O. St. 476.; Mc-Fadden on Prohibition, sec. 429. But the defendant in this case was charged with the violation of an injunction, which specifically prohibited, among other things, the sale of any liquor by the defendant in the Alamo Hotel. Section 21 of chapter 117, supra, authorizing the issuance of a temporary and permanent injunction in an action to abate a liquor nuisance, does not state what the temporary injunctional order shall contain, but provides further that ''on finding that the material allegations of the petition are true the court shall order that no liquors shall be manufactured, sold, bartered or stored in such room, house, building * * * or place or any part thereof.'' It would seem that the temporary injunctional order authorized by the same section, incident as it is to the abatement proceeding, properly contains the same prohibition as the order for the final injunction, and the temporary injunction issued in the case at bar actually does so. Any unlawful violation of such order would be in contempt thereof. See Schlosser v. Mould, (Ia.) 121 N. W. 520, where the court held that a single unlawful sale of intoxicating liquor rendered the defendant liable for contempt. Joyce, Intoxicating Liquors, sec. 634.

5. It is further contended that the court had no jurisdiction in the case because the title of chapter 117, supra, does not include anything relating to the abatement of liquor nuisances or the issuance of any injunctions incident thereto in violation of section 24 of article 3 of the constitution of this state, which provides, among other things, that no bill, except general appropriation bills and bills for the codification and general revision of the laws,

shall be passed containing more than one subject, which shall be clearly expressed in its title. The title to the same act was questioned and fully discussed in the case of State ex rel. Wycoff v. Ross, 31 Wyo. 500, 228 Pac. 636, where we substantially held that a title may be sufficiently general and comprehensive to embrace every means and end necessary or convenient for the accomplishment of the general purpose expressed therein. The title to the chapter in question is in regard ''to intoxicating liquor, prohibiting the unlawful possession, manufacture and sale thereof * * * and carrying into effect so far as the State of Wyoming is concerned, the eighteenth amendment to the Constitution of the United States.'' We think that proceedings for the abatement of a liquor nuisance and proceedings incident thereto are proper and convenient means to carry into effect the general purpose of the act as expressed in this title.

6. It is claimed that the evidence is not sufficient to hold the defendant guilty of contempt. Among other things, it is said that the injunctional order was not introduced in evidence, but we think that this was unnecessary. The contempt proceeding was incidental to the main case for abatement of a nuisance and for an injunction, and the court properly took judicial notice of the order made on December 10, 1923. Hake v. People, 230 Ill. 174, 193; 82 N. E. 561; Haaren v. Mould, 144 Iowa 296, 122 N. W. 921, 24 L. R. A. N. S. 404, which contains a full discussion of the subject. And whether the defendant could be found guilty only beyond a reasonable doubt, or only if the contempt was shown by clear and convincing evidence —a point which we need not determine—we think that the court was fully warranted in finding that the defendant had twice violated the injunction by an unlawful sale of intoxicating liquor in the Alamo Hotel. Two or three witnesses directly testified to such violation, and we are unable to say that the court should have taken the testi-

mony of the defendant Tucker and his co-defendant Shomo, rather than the testimony of the witnesses for the State.

We accordingly find no error in the record and the judgment of the District Court must be affirmed, and it is so ordered.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.