AUSTIN BENSCOTER, Petitioner, v. HUBERT UTTERBACK, Judge,
Respondent.

**INTOXICATING LIQUORS:** Injunction—Notice of Decree. A party
1   who is duly notified of injunctional proceedings against him may not
thereafter assert that he had no actual notice that the decree had
been entered.

**INTOXICATING LIQUORS:** Contempt—Evidence. Evidence tending
2   to show repeated possession of intoxicating liquors by an accused,
and likewise repeated efforts by the accused to destroy such liquors
when his place was searched, furnishes ample evidence on which to
base a conviction for contempt.

Headnote 1:   32 C. J. p. 487; 33 C. J. p. 702.   Headnote 2:   33 C. J.
p. 703.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

DECEMBER 14, 1926.

Original proceedings in certiorari brought in this court to
test the validity of a judgment of the district court of Polk
County. Pursuant to the writ, the record has been certified up.
The judgment below is—*Affirmed.*

*Louis Ansher, H. P. Daly,* and *Theodore F. Mantz,* for
petitioner.

*Vernon R. Seeburger* and *Russell Jordan,* for respondent.

EVANS, J.—The proceedings of the district court which are
challenged here were had in a contempt proceeding in the dis-
trict court of Polk County. A citation for contempt was served
upon the petitioner. He was charged with the
violation of a previous liquor injunction entered
by the same court on June 6, 1923.

1. INTOXICATING
LIQUORS:injunc-
tion: notice of
decree.

I.   The first contention of the petitioner is that he had no
notice of the injunctional decree entered against him in June,
1923. Notice of the equity proceeding in which the injunctional
decree was entered, was duly served upon the petitioner in
February of the same year. The case was brought for the

March term. The petitioner defaulted as a defendant therein.
The case was continued to the June term, and the decree was
entered in such term. The argument is that the petitioner was
not subject to contempt proceeding for violation of such injunc-
tion, without proof that he had notice that such injunctional
decree had been actually entered against him. He contends that,
though he had been served with notice of the proceeding praying
for such decree, he was not bound to know that the proceeding
had actually resulted in such decree. We have recently passed
on this identical question. *Labozetta v. District Court,* 200
Iowa 1339. Our holding in that case was adverse to this
contention of the petitioner's.

II. It is further urged that the evidence was wholly insuffi-
cient to justify a finding by the district court that the petitioner
had violated the injunctional decree.

It appears that a raid had been made upon the dwelling
apartment of the petitioner on October 28, 1924, and that the
officers had found concealed in the oven of a gas stove nine pints

2. INTOXICATING
LIQUORS: con-
tempt: evidence.

of whisky, containing 49 per cent of alcohol by
volume and 41.6 per cent by weight. This
apartment was occupied by the petitioner and
his wife and by none other. He was not at home at the time
of the seizure. His wife, at the time of the seizure, denied all
knowledge of the presence of the intoxicating liquor. The
further circumstances are made to appear that, on December
20th preceding, the same officials had made a raid upon the
apartment, and that the petitioner had at that time in his pos-
session a gallon jug, which he hastily carried to an open win-
dow. He there broke the jug and spilt its contents. These con-
tents gave forth a strong odor of intoxicating liquor. Ten days
later, a second raid was made upon him, at which time he had
in his possession a teapot, the contents of which he poured into
a sink while the officers were trying to get possession thereof.
Such contents also had the strong odor of intoxicating liquor.
These circumstances were proper for the consideration of the
trial court in determining his relation to the intoxicating liquor
found in the same apartment on October 28, 1924. The peti-
tioner testified, as a witness, in the proceeding here under re-
view, and denied all knowledge of the presence of the intoxicat-
ing liquor thus seized. His wife also testified as a witness, in

his behalf, to the effect that the intoxicating liquor belonged to her exclusively, and that she had procured the same for the purpose of a party which she was about to give. The testimony of the wife was seriously impeached by the positive statements to the contrary which she had made to the officers at the time of the seizure. We think the evidence was quite abundant to justify the court in the conclusion reached.

The writ heretofore issued is therefore annulled, and the judgment of the district court is, accordingly, affirmed. — *Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.