Ruffin, C. J.
 

 The power to commit or fine for contempt is essential to the existence of every court. Business cannot be conducted, unless the court can suppress disturbances, and the only means of doing that is by immediate punishment. A breach of the peace
 
 in facie curiae
 
 is a direct disturbance and a palpable contempt of the authority of the court. It is a case that does not admit of delay, and the court would be without dignity, that did not punish it promptly and without trial. Necessarily there can be no inquiry
 
 de novo
 
 in another court, as to the truth of the fact. There is no mode provided for conducting such an enquiry. There is no prosecution, no plea, nor issue upon which there can be a trial. Indeed, the person is conclusively fixed with the act, for the record declares it to have been done in court, and the record is entitled to as much faith in that statement, as it is as to any other matter appearing by the record to have been transacted by or before the court. It mates it as certain, judicially speaking, that this person and another fought in the presence of the court, as that the court fined them therefor; and the fact cannot be controverted.
 

 The State
 
 v.
 
 Yancy.
 
 1 Law. Repos. 119, establishes, that punishment for a contempt, and a conviction on an indictment for the same act, when a crime, are
 
 diverso intuitu,
 
 and will stand together. Besides, the fine for the contempt was here the first laid, and therefore could not be affected by the subsequent proceeding by indictment.
 

 • Admitting then, that this writ of
 
 certiorari
 
 would lie in any case of the kind,- it was properly refused in the present; which will be certified accordingly.
 

 Per Curiam, Ordered to be certified accordingly.