## RAS NEELY *v.* STATE.

[54 South. 315.]

1. CONTEMPT OF COURT. *Intoxication in court.*

> A direct contempt is a contempt in *facie curiae;* it may consist of an open insult in the presence of the court to the presiding jury, or misconduct in the presence of the court, which shows disrespect of its authority, or which obstructs the due administration of justice.

2. SAME.

> Being in a court room in an intoxicated condition does not constitute contempt of court if the fact is not brought to the attention of the judge and the business of the court is in no way interfered with.

APPEAL from the circuit court of Rankin county.
HON. C. L. DOBBS, Judge.

Ras Neely was convicted of contempt of court and appeals. The facts are fully stated in the opinion of the court.

*Lamar F. Easterling* and *W. H. Thomson,* for appellant.

Before a person can be found guilty of contempt not committed in the presence of the court, he must have due and reasonable notice of the proceeding. The rule to show cause should inform the defendant of the nature of the contempt alleged. 9 Cyc. Law and Proc., pp. 39, 41; *Shattuck* v. *State,* 33 L. R. A. (N. S.), 51 Miss. 50, 24 Am. Rep. 624; *State* v. *Charleston Dist. Sheriff,* 1 Mill, Const. 145.

An affidavit charging the facts constituting the contempt is absolutely necessary to support a judgment of contempt, unless the alleged contempt is committed at the time, and in the actual presence of the court. 4 Enc. Pl. and Prac., p. 779; *Saunderson* v. *State,* 151 Ind. 550, 52 N. E. 151.

*Carl Fox,* assistant attorney-general, for appellee.

Contempts are denominated direct and constructive, or indirect. A constructive, or indirect, contempt is everywhere defined as an act done, not in the presence of the court, but at a distance, which tends to belittle, degrade, obstruct, interrupt, prevent or embarrass the administration of justice. 9 Cyc. 6. See, also 2 "Words and Phrases, Title "Constructive Contempt."

In 9 Cyc. 5, it is said: "A direct contempt is an open insult in the presence of the court to the person of the presiding judge, or a resistance or defiance in his presence to its powers or authority."

This definition is not by any means exact. All contempts which are not constructive, or indirect, are direct. It is not necessary that a direct contempt should be an "open" insult or resistance or defiance of the court in the sense that it must be apparent to all present at the time. See 3 "Words and Phrases," Title "Direct Contempt."

Argued orally by *W. H. Thomson* and *Lamar F. Easterling,* for appellant.

ANDERSON, J., delivered the opinion of the court.

The appellant, Ras Neely, was fined one hundred dollars by the circuit court of Rankin county for contempt, and appeals to this court. The facts in reference to such alleged contempt are as follows:

The appellant was convicted of the unlawful sale of intoxicating liquors, and made a motion for a new trial. One ground of the motion, among others, is that he was not represented by counsel when tried, and, being in a state of intoxication, was incapacitated to properly conduct his defense. The testimony of witnesses was taken on the trial of the motion. Touching appellant's intoxication the testimony was substantially this: That while being tried he appeared to be sober, and to understand what was going on, and fully able to conduct his defense; that, if he was intoxicated, it was not noticeable. The trial judge stated, which is embodied in the bill of exceptions, that he paid particular attention to the appellant during his trial, and did not notice that he was intoxicated, if he was. The sheriff testified that on the day before the trial he saw the appellant in the courtroom in a drunken condition. There is no testimony whatever that, either on the day before the trial or the day of the trial, the appellant was disorderly or in any manner interfered with the proceedings of the court; and the judge in his statement does not show that he knew of his drunken condition the day before the trial, until it was testified to by the sheriff. There is an entire absence of any testimony tending to show that on either day the appellant was guilty of any conduct which interfered with the orderly administration of the business of the court.

At the conclusion of the testimony, on the motion for a new trial, the judge entered an order overruling the motion, and at the same time another order, adjudging the appellant guilty of contempt of court for being intoxi-

cated in the courtroom on the day previous to the trial, and fined him one hundred dollars.

A direct contempt is a contempt in *facie curiae.* It consists of such conduct or language on the part of the contemnor as interferes with the orderly administration of justice. It may consist of an open insult, in the presence of the court, to the person of the presiding judge, or a resistance to or defiance of the power and authority of the court. "Misconduct in the presence of the court, which shows disrespect of its authority, or which obstructs or has a tendency to interfere with the due administration of justice, is contempt. Thus, disorderly conduct in the courtroom, or the use of violence, or threatening or insulting language, to the court, witnesses, or counsel, is contempt." 9 Cyc. 18 and 19. There can be no such contempt of court, unless the trial judge is conscious of it. The testimony in this record falls short of establishing such contempt. There is an entire absence of testimony that the judge knew of the drunken condition of the appellant on the day before he was tried, and there is also no testimony whatever to show that his drunkenness in any wise interfered with the conduct of the business of the court.

*Reversed and appellant discharged.*