INZER, Justice:
Appellant, Robert Johnson, was convicted for direct contempt in the Circuit Court of Grenada County and was sentenced to serve four months in the county jail. *118 From this conviction and sentence he appeals to this Court.
The facts which led to his conviction are set out in the order of the circuit court. The essential part is as follows:
That on the morning of January 23, 1967, on the opening day of the regular January, 1967 term of this Court, at approximately ten minutes after nine o’clock the within Robert Johnson (he being at that time a defendant in a criminal case pending in said Court), entered the court room at a time when Court was in session and jurors were being called. The Judge had previously that morning in open court made the announcement that all persons entering the court room that morning were to walk along the aisle near the side wall leading from the door, going toward the back of the room and then find seats anywhere in the room outside the space reserved for jurors and county officers, and the court especially emphasized that no person was to walk between this reserved section and the Judge while jurors were being called. The purpose of this rule was to help expedite the work of the court and make for more orderly proceeding. All Bailiffs and Deputies on duty were instructed to enforce this rule and to instruct all persons entering the room after the announcement was made in open court.
When said Robert Johnson (hereinafter called defendant) entered the court room, as above stated and after said rule had been announced, the Deputy Sheriff stationed near said door (Mr. Aaron Lott) instructed the defendant as to said rule and told him to go down said aisle toward the back; whereupon said defendant, in a loud and defiant tone of voice which was heard by many people throughout the court room and was heard by the Judge, said: “What the hell do you mean go around.” Said Johnson, defendant, then continued to stand and look around over the room, disrupting the court proceedings. The Sheriff and another Deputy, on order of the Court, arrested said Johnson and brought him before the Bench. The Court advised said defendant that he was in contempt and would be sentenced later during the court term.
About two or three days later, during that same week and before the Court had imposed sentence and judgment in this matter, a petition was filed on behalf of said defendant by his attorney in the United States District Court at Oxford, Mississippi, the effect of which was to remove said case out of the hands and control of the within State Court, temporarily and pending action thereon by said federal court. By order of the said U.S. District Court, dated November 14, 1968, the said case was returned to the Circuit Court of Grenada County, Mississippi. Upon being informed by the Clerk of said action by the Federal Court, this Court proceeded in vacation to order within defendant to post a bail bond to guarantee his appearance at the first day of the next regular term of court, which date was January 27, 1969. The said defendant posted said bail bond without being placed in custody.
That this Court now has jurisdiction of both the defendant and the subject matter, and the authority to enter this sentence and judgment, this Court having inherent power to punish for criminal contempt.
Wherefore, it is hereby ordered and adjudged that said Robert Johnson, within defendant, is hereby adjudged in criminal contempt, and for said direct contempt done and committed in open court and in the presence of the Judge and Court, is hereby sentenced to serve a term of four months in the Grenada County jail and pay all court cost in this matter.
The record reflects that shortly after appellant had been informed that he was in contempt of court, the court requested the district attorney and the county attorney to *119 file a formal petition citing appellant to appear and show cause why he should not he punished for his contempt. The petition was duly filed and appellant was cited to appear on February 1, 1967, to show cause. Appellant did not file an answer to this petition but did file a motion for the judge to recuse himself. The basis for this motion was that the judge was prejudiced against the appellant because of his civil rights activities and against civil rights attorneys, one of whom represented appellant. After the cause was remanded to the state court, and appellant was again cited to appear he did not file an answer in response to the citation, but did appear in court with his attorney whereupon he was sentenced for his contempt. Appellant then filed a bill of exceptions which was signed by two attorneys who were present in court when appellant was sentenced.
In considering this case there are certain basic principles that must be kept in mind. Appellant was found guilty of direct contempt of court. The circuit court not only had the inherent power to punish for such contempt, but also is authorized by Section 1656, Mississippi Code 1942 Annotated (1956) to fine and imprison any person guilty of contempt of court while the court is sitting. This section limits the punishment to a fine of $100 and imprisonment to continue no longer than thirty days. It is well settled that for a direct contempt the offender may be punished instantly without the necessity of any proof. The judge may act upon what he has seen and heard. No formal written information of contempt is required, but the judgment of guilt must set out the substantive acts constituting the contempt. Wood v. State, 227 So.2d 288 (Miss. 1969); Brannon v. State, 202 Miss. 571, 29 So.2d 916 (1947).
Upon appeal to this Court from a conviction of direct contempt the statement of the substantive facts set out in the judgment of the trial court will be taken as true and correct. Turner v. State, 121 Miss. 68, 83 So. 404 (1920); Gurley v. State, 101 Miss. 190, 57 So. 565 (1912).
Upon review by this Court the question is whether the appellant is guilty of contempt, this determination must be made from the facts set out in the judgment. This Court is not bound by the general rule that we will not reverse unless the trial court is manifestly wrong and we may affirm, reverse, annul or modify the order of conviction as justice may demand. Section 1152, Mississippi Code 1942 Annotated (1956); Bucklew v. State, 209 So.2d 916 (Miss.1968).
Appellant assigns several grounds for the reversal of this case but we will only discuss those which we deem merit discussion.
The first and principal contention of appellant is that the procedure by which appellant was convicted violated the Fourteenth Amendment to the Constitution of the United States because appellant was denied any form of a hearing. Appellant cites and relies upon the case of In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). This case involved constructive contempt and not direct contempt. The court in Oliver pointed out that the exception to the rule requiring notice and a hearing was a situation such as we have in this case before us. The court said:
The narrow exception to these due process . requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court’s business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent “demoralization of the court’s authority * * * before the public.” (333 U.S. at 275, 68 S.Ct. at 509, 92 L.Ed. at 695).
The trial judge observed appellant’s disorderly conduct and immediately ordered appellant to be arrested and brought before him. He informed appellant that he was *120 guilty of contempt and that he would be sentenced later in the term. Apparently, the reason for the delay in imposing the sentence at that time was due to the fact that appellant was a defendant in a case pending for trial at that term of the court. It was not necessary for the court to have the district attorney and the county attorney to file a formal petition asking that appellant be cited for contempt, and the fact that it was filed and appellant was cited did not entitle appellant to a hearing on the question of his guilt. The only answer that the court was required to hear was any answer that appellant might have desired to make in mitigation of the punishment to be imposed. Instead of answering, appellant filed his petition for removal. When the case was remanded to the state court nearly two years later the only way that the court could be assured that the appellant would be before the court was by requiring him to post bail bond for his appearance. This was accomplished with another citation.
Appellant urges that the long delay from the time of the offense until the time punishment was imposed should entitle him to a hearing on the question of whether he was guilty of direct contempt. The delay was caused by removal to the federal court. There was nothing that the trial court could do about imposing punishment until the case was remanded. When it was remanded it was in the same status as it was prior to removal. The most that appellant was entitled to before punishment was imposed was to make any statement he desired in the way of contrition or apology-
A contemnor cannot by a bill of exceptions purge himself of direct contempt of court. The only function of a bill of exceptions in a direct contempt case is to get before this Court any statement that the contemnor may have made to the trial court relative to an apology or to show contrition for his act, in amelioration of punishment. In this case appellant had this opportunity to file a written answer to the citation wherein he could have set up any matter that he desired by way of apology or contrition. We hold that appellant was not entitled to a hearing on the question of whether his acts and words constituted direct contempt, and in view of the fact that appellant was afforded an opportunity to answer the petition requiring him to show cause, it was not error for the trial court to impose punishment without giving appellant an opportunity to be heard. Ex parte Redmond, 156 Miss. 582, 126 So. 485 (1930).
Appellant assigns as error the failure of the trial judge to grant him a hearing on his claim that the trial judge was biased and prejudiced because of racial prejudice. This raises the question of whether a claim of disqualification of the judge in whose court a direct contempt was committed will be heard. We have not been able to find any decision of this Court on this precise point. An examination of authorities reveals that practically all courts hold that such claim will not lie. One of the cases so holding is Blodgett v. Superior Court, 210 Cal. 1, 290 P. 293, 72 A.L.R. 482 (1930) wherein that Court said:
This brings us directly to the next question submitted by the petitioner for our consideration, which is as to whether upon a hearing on a charge of the commission of a direct contempt the person charged with such commission is entitled to urge the disqualification of the judge in and against whose court the offense was committed, under the provisions of section 170 of the Code of Civil Procedure. Upon this question the authorities are practically uniform, not only in this state, but all over the country, to the effect that a person charged with the commission of a direct contempt and subject to be summarily punished therefor may not be heard to urge the disqualification of the judge about to adjudge the party guilty of such direct contempt. The leading case in this country upon that subject is that of In re Terry, 128 U.S. *121 289, 9 S.Ct. 77,.80, 32 L.Ed. 405 (1888), wherein, after a review of many authorities, the Supreme Court of the United States held that the power immediately to punish an offender for a direct contempt is, and from the most ancient times had been, an inherent power, upon the recognition and enforcement of which “depend the existence and authority of the tribunals established to protect the rights of the citizens, whether of life, liberty, or property, and whether assailed by the illegal acts of the government or by the lawlessness or violence of individuals. * * * Blackstone thus states the rule: ‘If the contempt be committed in the face of the court, the offender may be instantly apprehended and imprisoned, at the discretion of the judges, without any further proof or examination.’ ” And the court further quotes from Bacon’s Abridgment, title Courts, E, wherein it is laid down that: “Every court of record, as incident to it, may enjoin the people to keep silence, under a pain, and impose reasonable fines, not only on such as shall be convicted before them of any crime on a formal prosecution, but also on all such as shall be guilty of any contempt in the face of the court, as by giving opprobrious language to the judge, * * * and immediately order them into custody.” The federal tribunals have uniformly applied the rule to cases before them to the extent of holding that a person charged with a direct contempt is not entitled to apply for a change of venue on the ground of the bias and prejudice of the judge. Eilenbecker v. Plymouth County, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801 [1890]; Bessette v. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997; Fleming v. United States (C.C.A.) 279 F. 613. The state courts in other jurisdictions have also, with like uniformity, declared it to be the rule, as stated in State v. Bland, 189 Mo. 197, 88 S.W. 28, 31, 3 Ann.Cas. 1044, that: “It is settled law that contempt cases are sui generis, that one court may not try a case of contempt against another, that contempt proceedings are summary, that there is no constitutional right to trial by jury, and that no change of venue will lie.” See, also, In re Cooper, 32 Vt. 253; State v. Woodfin, 27 N.C. 199, 42 Am. Dec. 161; Ex parte McCown, 139 N. C. 95, 104, 51 S.E. 957, 2 L.R.A.(N.S.) 603; Coons v. State, 191 Ind. 580, 134 N.E. 194, 20 A.L.R. 900; Dale v. State, 198 Ind. 110, 150 N.E. 781, 49 A.L.R. 647; Noble v. Aasen, 10 N.D. 264, 86 N. W. 742; Tucker v. State, 35 Wyo. 430, 251 P. 460; State v. Shepherd, 177 Mo. 205, 76 S.W. 79, 99 Am.St.Rep. 624; State v. Clancy, 30 Mont. 193, 76 P. 10 and many others. (290 P. at 296, 297).
We adopt this rule that a claim of disqualification of a trial judge is not a proper plea where the contempt is direct and hold that appellant was not entitled to have his claim of disqualification heard in this case.
On the question of whether appellant was guilty of direct contempt we are of the opinion that the trial judge was justified in finding appellant guilty of contempt. In Neely v. State, 98 Miss. 816, 54 So. 315, 33 L.R.A.,N.S., 138 (1911), in defining direct contempt it was pointed out “misconduct in the presence of the court, which shows disrespect of its authority, or which obstructs or has a tendency to interfere with the due administration of justice, is contempt. Thus, any disorderly conduct or use of violence or threatening language to the court is contempt.” In passing upon the question of whether the disorderly conduct of appellant constituted direct contempt, we recognize that the trial judge was in a much better position to determine this question than we are from the record. The trial judge not only heard the words spoken, the tone of the voice in which spoken, but also observed the actions of appellant before and after speaking the words. He was in a position to judge whether the appellant intended to show contempt for the court and its officers. Certainly this *122 type of conduct, if permitted, would cause those observing it to lose respect for the court. It interfered with the business of the court then being conducted. The disorderly conduct of appellant cannot be condoned.
We hold that the facts set out in the judgment of the circuit court are sufficient to show that appellant was guilty of direct contempt of that court and that part of such judgment is affirmed. However, the sentence imposed exceeded the maximum prescribed by statute for direct contempt and the judgment will be modified to impose a sentence of thirty days in the county jail. The judgment as modified will be affirmed.
Affirmed as modified.
GILLESPIE, JONES, BRADY and ROBERTSON, JJ., concur.