304 So.2d 650 (1974)
Will KING
v.
STATE of Mississippi.
No. 48322.
Supreme Court of Mississippi.
December 16, 1974.
Harvey T. Ross, Clarksdale, for appellant.
A.F. Summer, Atty. Gen., by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Appellant, Will King, was convicted in the County Court of Coahoma County for the unlawful sale of marijuana. He was sentenced to serve a term of 10 years in the State Penitentiary and was fined $5,000. Appellant's only assignment of error is that the sentence imposed by the court was in excess of that allowed by law.
The sale for which appellant was convicted occurred on May 18, 1972 when the maximum penalty for the sale of marijuana was 4 years imprisonment or a fine of $2,000, or both. See Chapter 521, section 20(a)(2), Laws of 1971. On May 19, 1972, Chapter 520, section 7(c)(2), Laws of 1972 became effective increasing the maximum penalty for the sale of marijuana to 20 years imprisonment or a fine of $30,000, or both. See Mississippi Code Annotated 1972, section 41-29-139(c)(2), as amended, (Supp. 1974). Appellant was sentenced under the amended statute which did not become effective until the day after the sale occurred.
The punishment for a crime may not be increased after the crime has been committed because the Federal and State Constitutions prohibit ex post facto laws. U.S.Const. art. I, § 9, par. 3 and art. I, § 10, par. 1; Miss.Const. of 1890, art. 3, § 16.
*651 Since the appellant's sentence was in excess of the maximum permitted by the statute in effect when the crime was committed, we remand for resentencing in accordance with Chapter 521, section 20(a)(2), Laws of 1971. Appellant shall be given credit for all time served by him on the sentence.
When sentences are imposed in excess of statutory authority, such sentences should be corrected by the trial courts on motion to correct sentence which may be filed and heard either in term time or in vacation. This procedure will expedite correction of sentences and save the expense and delay occasioned by an appeal to this Court.
Affirmed as to conviction, but reversed as to sentence and remanded for resentencing.
GILLESPIE, C.J., and SMITH, ROBERTSON and BROOM, JJ., concur.