734 So.2d 339 (1999)
Orlando THOMAS, Appellant
v.
STATE of Mississippi, Appellee.
No. 97-KA-00526-COA.
Court of Appeals of Mississippi.
February 23, 1999.
*340 Wilbur O. Colom, Rhonda R. Hayes-Ellis, Columbus, Attorneys for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorneys for Appellee.
BEFORE McMILLIN, P.J., DIAZ, AND KING, JJ.
DIAZ, J., for the Court:
¶ 1. Orlando Thomas appeals the decision of the Clay County Circuit Court finding him guilty of contempt of court. Thomas raises the following issues on appeal: (1) whether the justice court judge's disruptive conduct tainted the judicial proceedings, (2) whether the circuit court judge disregarded the sentencing statute and imposed an excessive punishment upon the defendant, and (3) whether the penalty imposed against the defendant was increased by the justice court judge's reaction to the conduct thereby escalating the gravity of the situation. Finding these assignments of error to be without merit, we affirm.

FACTS
¶ 2. On June 20, 1996, Thomas appeared before the Clay County Justice Court to pay a fine for a suspended driver's license and an expired inspection sticker. Justice Court Judge Jerry Guest also informed Thomas of a pending public profanity charge[1]. Thomas claims that he had no prior knowledge of this additional charge. Thomas pled not guilty to the public profanity charge, and immediately thereafter, Judge Guest conducted the trial. During the trial, a highway patrolman testified that Thomas was guilty of public profanity. Thomas objected to this testimony. Thomas also testified regarding the public profanity charge. After his testimony, Judge Guest found him guilty of public profanity and fined him one hundred seventy-two dollars and fifty cents ($172.50). As Thomas was leaving the courtroom he called Judge Guest a "son of a bitch" and *341 was immediately placed under arrest for contempt of court.
¶ 3. Thomas was hand-cuffed and escorted to the front of the courtroom before Judge Guest's bench. At that point, the judge asked Thomas if he understood that he was being held in contempt of court. Thomas remained silent. Judge Guest became upset and ordered that Thomas be placed in jail under contempt of court charges. Thomas, who remained handcuffed, was led from the courtroom when he directed another obscenity toward Judge Guest. At this point, Judge Guest came down from the bench and physically attacked Thomas. Judge Guest grabbed Thomas's head, but the court clerk and bailiff were able to restrain him. After the assault, Thomas was taken to the Clay County Jail on the contempt of court charge. Shortly thereafter, Thomas was released from jail. Justice Court Judge Ishee conducted a trial on the contempt charge, and Thomas was convicted. Thomas was sentenced to pay a fine of $300 plus assessments and to serve a term of three months in the Clay County Jail. Thomas appealed his conviction in justice court. He was found guilty during a bench trial conducted in the Clay County Circuit Court. He was sentenced to pay a fine of $750 and to serve a term of three moths in the Clay County Jail. Feeling aggrieved, Thomas now perfects this appeal.

DISCUSSION

I. WHETHER THE JUSTICE COURT JUDGE'S DISRUPTIVE CONDUCT TAINTED THE JUDICIAL PROCEEDINGS
¶ 4. Mississippi case law is clear that this court will follow an ab initio standard of review for an appeal of a criminal contempt conviction and determine "whether on the record, the contemptor (sic) is guilty beyond a reasonable doubt." Premeaux v. Smith, 569 So.2d 681, 683 (Miss.1990).
¶ 5. The Mississippi Supreme Court has found that a charge of contempt of court consists of words spoken or acts done in the presence of the court which tend to embarrass or prevent orderly administration of justice. Jordan v. State, 216 Miss. 542, 62 So.2d 886 (1953). A direct criminal contempt "may consist of an open insult, in the presence of the court, to the person of the presiding justice, or a resistance to or defiance of power of the court." Neely v. State, 98 Miss. 816, 54 So. 315, 316 (1911). "[D]isorderly conduct in the court room, or the use of violence, or threatening, or insulting language to the court, witnesses, or counsel is contempt." Id. A contempt which is direct, in the immediate presence of the court, may be summarily punished without affidavit, pleading or formal charges. Varvaris v. State, 512 So.2d 886 (Miss.1987).
¶ 6. Thomas asserts that the words he uttered against Judge Guest were uttered ad hominem and not directed toward the judge in his official capacity. The State contends that Thomas was in direct criminal contempt of court when he directed profanity towards the judge in the courtroom. In the appeal of a conviction of direct criminal contempt, the statement of facts as set out in the judgment of the trial court will be taken as correct and true. Johnson v. State, 233 So.2d 116, 119 (Miss. 1970) rev'd on other grounds Johnson v. Mississippi, 403 U.S. 212, 91 S.Ct. 1778, 29 L.Ed.2d 423 (1971).
¶ 7. In the case sub judice, sufficient evidence exists that Thomas swore at the judge twice while in court. The behavior in question is that of Thomas and not the judge. Although the judge's behavior is out of keeping with the standards expected of the judiciary and will not be condoned[2], the facts clearly support the *342 finding that Thomas was in contempt of court when he directed profanity towards Judge Guest. Therefore, this assignment of error is without merit.

II. WHETHER THE CIRCUIT COURT JUDGE DISREGARDED THE SENTENCING STATUTE AND IMPOSED AN EXCESSIVE PUNISHMENT UPON THE DEFENDANT
¶ 8. Justice courts, by virtue of Mississippi Code Annotated Sections 9-11-15 (Supp.1998) and 21-23-7(11) (Supp.1998), have the power to impose the punishment of a fine of not more than $1000 or six months imprisonment, or both, for contempt of court. Furthermore, Mississippi Code Annotated Section 9-1-17 (Rev.1991) provides in pertinent part, that:
The supreme, circuit, chancery and county courts and the Court of Appeals shall have the power to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed One Hundred Dollars ($100.00) for each offense, nor shall the imprisonment continue longer than thirty (30) days.
¶ 9. Thomas claims that the circuit judge sentenced him to a penalty greater than that allowed by statute for contempt of court. Here, the circuit court judge affirmed the justice court conviction of the crime of contempt of justice court and not contempt of circuit court. Section 9-1-17 would be applicable if Thomas was guilty of contempt in circuit court. However, Thomas was convicted of criminal contempt under Mississippi Code Annotated § 9-11-15, which is the power of the justice court to punish for contempt, which incorporates Mississippi Code Annotated § 21-23-7(11), which defines the parameters of punishment available to the justice court judge for the crime of contempt of justice court. In the case sub judice, the circuit judge imposed a sentence well within the established guidelines for contempt of justice court. King v. State, 304 So.2d 650, 651 (Miss. 1974). Accordingly, this assignment of error is without merit.

III. WHETHER THE PENALTY IMPOSED AGAINST THE DEFENDANT WAS INCREASED BY THE JUSTICE COURT JUDGE'S REACTION TO THE CONDUCT THEREBY ESCALATING THE GRAVITY OF THE SITUATION
¶ 10. Thomas also argues that the justice court judge committed reversible error by imposing a greater sentence than allowed and that the judge's reaction to the defendant's conduct escalated the situation. However, he cites no legal authority in support of this assignment of error. The supreme court has repeatedly stated that it is the appellant's duty to provide authority in support of his claims of error. Drennan v. State, 695 So.2d 581, 585-86 (Miss. 1997). Accordingly, Thomas's failure to cite authority for this issue precludes appellate review. Nevertheless, this proposition was addressed in the second assignment of error discussed above.
¶ 11. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF CONTEMPT OF COURT AND SENTENCE OF THREE MONTHS IN THE CLAY COUNTY JAIL AND FINE OF $750.00 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] Miss.Code Ann. § 97-29-47 (Rev.1994) states in part that:

If any person shall profanely swear or curse, or use vulgar and indecent language... in the presence of two (2) or more persons, he shall, on conviction thereof, be fined not more than one hundred dollars ($100.00) or be imprisoned in the county jail not more than thirty (30) days or both.
This statute is not before the court today; therefore we do not address the constitutionality of the statute in this opinion.
[2] Judge Guest was suspended from office for a period of ninety days and fined $1,500 pursuant to Miss. Const. Art. 6, § 177A and the Code of Judicial Conduct, Canons 1, 2, subds. A, B, 3, subd. A(1-3). Mississippi Comm'n on Judicial Performance v. Guest, 717 So.2d 325 (Miss. 1998).