868 So.2d 1018 (2003)
Chokwe LUMUMBA, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-01621-COA.
Court of Appeals of Mississippi.
August 26, 2003.
Rehearing Denied November 25, 2003.
Certiorari Denied March 25, 2004.
*1019 Ishmael Muhammad, attorney for appellant.
Office of the Attorney General, by Scott Stuart, Jackson, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
BRIDGES, J., for the Court.
¶ 1. The Circuit Court of Leake County was trying Henry Payton on charges of armed robbery, kidnaping, and arson. At trial, Payton was represented by Chokwe Lumumba. After Payton was convicted on the armed robbery and arson charges, Lumumba made certain statements to the judge that resulted in contempt action against him. The circuit court signed and entered an order finding that Lumumba failed to respond to the direction of the court and showed total disrespect for the court. Lumumba was found to be in contempt of the court, and the court ordered him to pay a fine of $500 and because of additional misconduct, to serve three days in jail. However, later that same day, the court reduced the amount of the fine to $100. Lumumba filed a timely notice of appeal. The Mississippi Supreme Court signed and entered an order granting immediate consideration of an "Emergency Petition for Writ of Habeas Corpus, or in the Alternative, a Motion on the Denial of the Right of Bail." The court ordered that the motion be remanded to the Leake County Circuit Court for an immediate hearing on the matter of an appeal bond pursuant to Mississippi Code Annotated section 11-51-11.

STATEMENT OF THE ISSUES
I. WHETHER THE TRIAL JUDGE ERRED WHEN HE FOUND DEFENSE COUNSEL IN CONTEMPT OF COURT.
II. WHETHER THE STATEMENTS MADE WERE JUSTIFIED BECAUSE COUNSEL WAS ZEALOUSLY REPRESENTING HIS CLIENT.

FACTS
¶ 2. Lumumba was defense counsel for Henry Payton, who was charged and later tried for armed robbery, kidnaping, and arson. The jury found Payton guilty of armed robbery and arson and he was acquitted on the kidnaping charge. Lumumba filed a motion for a new trial and the court conducted a hearing on the motion. The court overruled the motion for a new trial and further announced that no additional hearing would be heard. It was at this time that Lumumba vigorously tried to convince the court that he was not just conducting a fishing expedition, but that his evidence was "very focused and direct."
¶ 3. Lumumba continued to advise the court that the court's resolution of the motion was not "unexpected, considering the court's demeanor during the trial." When asked what he meant by that statement, Lumumba responded that "the court didn't handle the trial fairly, is not handling the motion fairly." The circuit court judge responded by stating that Lumumba was very difficult to work with and that the judge believed that he gave Payton a fair trial.
¶ 4. It was at this time Lumumba wanted to address another issue, and proceeded to give advice to the judge on how to "get along better with other lawyers in the future." An exchange followed between the judge and Lumumba resulting in the court's finding Lumumba in contempt of court.

ANALYSIS

I. WHETHER THE TRIAL JUDGE ERRED WHEN HE FOUND DEFENSE *1020 COUNSEL IN CONTEMPT OF COURT.
¶ 5. Mississippi law is clear that this Court will follow an ab initio standard of review for an appeal of a criminal contempt conviction and determine "whether on the record, the contemnor is guilty beyond a reasonable doubt." Premeaux v. Smith, 569 So.2d 681, 683-84 (Miss.1990).
¶ 6. In Jordan v. State, 216 Miss. 542, 62 So.2d 886, 888 (1953), the Mississippi Supreme Court found that a charge of contempt of court consists of words spoken or acts done in the presence of the court which tend to embarrass or prevent orderly administration of justice. A direct criminal contempt "may consist of an open insult, in the presence of the court, to the person of the presiding justice, or a resistance to or defiance of power of the court." Neely v. State, 98 Miss. 816, 54 So. 315, 316 (1911). "Disorderly conduct in the courtroom, or the use of violence, or threatening, or insulting language to the court, witnesses, or counsel is contempt." Id. A contempt which is direct, in the presence of the court, may be summarily punished without affidavit, pleading or formal charges. Varvaris v. State, 512 So.2d 886, 887-88 (Miss.1987).
¶ 7. Lumumba's first argument is that the statements or conduct made by him occurred after the judge ruled on the motion for a new trial; therefore, there was no longer a proceeding before the court. The record reflects that Lumumba told the judge that he had another issue that had not been addressed or talked about. Although the court had already ruled on the motion, the judge reopened and allowed Lumumba's argument of whatever issue had not been addressed by the court. All parties, including defense counsel and counsel for the State were still present before the judge in open court.
¶ 8. Further, there is an absence in the record of support for Lumumba's argument that when he asked for permission to address the court regarding another issue, he should have been allowed to address it since it involved an issue unrelated to the motion for a new trial. The record shows only Lumumba's request as follows:
Lumumba: Can I address another issue? You don't want to hear it? You don't want the Court to hear it? It's another issue. It's not what we talked about.
Court: All right. Go ahead.
¶ 9. The request was that it is "another issue. It is not what we talked about." This language says nothing about being unrelated to the motion for a new trial. There is no question that the parties were, in fact, in the presence of the judge and in open court at the time the statements or conduct was made.
¶ 10. Next, Lumumba claims that the statement advising the judge to learn to get along with other lawyers in the future is not defamatory but a statement of opinion aimed at improving the judge-lawyer relationship in court. The relevant statements were as follows:
Lumumba: And, what I'm doing is offering this to you, so you can, perhaps, get along better with other lawyers in the future.
...
Court: Will you remove him from the courtroom?
Lumumba: Are you going to have
Court: I am going to have you removed
Lumumba:your henchmen throw me out, Judge?
...
Lumumba: That's the way you've handled it the whole Court. I'm proud to be thrown out of your Courtroom.

*1021 ...
Court: That will cost you three hundred dollars, Mr. Lumumba. Now, if you want to continue
Lumumba: Look, Judge, if we've got to pay for justice around here, I will pay for
Court:I will exercise my discretion
Lumumba:justice.
Court:regarding a jail sentence.
Lumumba: I've paid other judges to try to get justice, pay you, too, if that's what is necessary.
¶ 11. If what Lumumba claims is true, that the hearing was over, there was no necessity to give his advice to the judge in open court on the record. Lumumba gave no reason or explanation as to why his advice or recommendations had to be on the record. He could have given his so-called "advice" in private.
¶ 12. Also, no explanations were given regarding the comments about being proud to be thrown out of the courtroom and asking if the judge would have his "henchmen" throw him out. Lumumba neither explains why those statements were necessary in order to preserve for appeal any of Payton's issues for appellate review, nor does he suggest that the statements were not embarrassing to the court.
¶ 13. Additionally, regarding the statements made that Lumumba paid other judges to get justice, and he would pay this judge as well, Lumumba argues that he was just reacting to a threat to send him to jail after the imposition of the excessive $500 fine. While Lumumba is correct that the statute limits fines to a sum of $100, the court reduced the fine to $100, later that same day.

II. WHETHER THE STATEMENTS MADE WERE JUSTIFIED BECAUSE COUNSEL WAS ZEALOUSLY REPRESENTING HIS CLIENT.
¶ 14. Finally, Lumumba contends that his statements and conduct were an outgrowth of his professional commitment to zealously represent his client. While Lumumba is certainly correct, that a lawyer should indeed represent his client with zeal, one should not use language "which tends to bring the court into disrepute or disrespect." Purvis v. Purvis, 657 So.2d 794, 797 (Miss.1994). Clearly, Lumumba went beyond his right of zealous representation when he offered "advice" to the judge and announced that he would pay for justice.
¶ 15. Lumumba's behavior was done in the presence of the court and intended to embarrass or prevent orderly administration of justice. Further, it was both disrespectful to the judge and disruptive to court proceedings. We cannot fathom any situation that would warrant such behavior. This Court finds that the statements made toward the judge about how he can better get along with lawyers in the future, about the judge's "henchmen," about being proud to be thrown out of the courtroom, and about paying the judge for justice were made to embarrass the court or impede the administration of justice. This Court finds that the statements go far beyond zealous representation of one's client, and makes a mockery of the court and its proceedings.
¶ 16. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., AND SOUTHWICK, P.J., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. KING, P.J., CONCURS WITH SEPARATE OPINION JOINED *1022 BY SOUTHWICK, P.J. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
KING, P.J., CONCURRING:
¶ 17. I concur in this Court's affirmance of Mr. Lumumba's contempt of court conviction. There can be no question but that his conduct was inappropriate.
¶ 18. However, I write separately to express my concern about matters not touched on by the majority opinion.
¶ 19. My reading of the record suggests that both Mr. Lumumba and the trial judge jousted verbally, and in so doing, engaged in questionable conduct.
¶ 20. The effective administration of justice requires that all parties appearing in the courtroom conduct themselves with appropriate respect for the court. But the effective administration of justice likewise requires that the court's actions beyond question be undertaken in a manner which appropriately respects all of the parties appearing in the courtroom.
¶ 21. The record before this Court does not allow me to say with confidence that occurred in this case. And while that failure does not excuse Mr. Lumumba's actions, it provides an opportunity to remind our judges that if they are to receive respect, they must also learn to give it.
SOUTHWICK, P.J., JOINS THIS SEPARATE OPINION.
IRVING, J., DISSENTING:
¶ 22. Judge Marcus D. Gordon found Attorney Chokwe Lumumba guilty of direct contempt of court for essentially beseeching the trial judge to listen and take a little constructive advice about how to better get along with members of the bar. The majority affirms this finding. With respect to my brethren in the majority, I respectfully dissent, for I believe Mr. Lumumba's actions do not support a finding of contempt, but even if they do, the offense should be treated as indirect contempt rather than direct.
¶ 23. Before discussing my rationale for the conclusions that I have reached, I first note the concurring opinion by Presiding Judge King. I agree with the concurring opinion that Mr. Lumumba and the trial judge jousted verbally, and in so doing, they both engaged in questionable conduct. Moreover, I fully agree with the concurring opinion that:
The effective administration of justice requires that all parties appearing in the courtroom conduct themselves with appropriate respect for the court. But the effective administration of justice likewise requires that the court's actions beyond question be undertaken in a manner which appropriately respects all of the parties appearing in the courtroom.
I also agree with the concurring opinion that the record before this Court does not support a finding that both the trial judge and Mr. Lumumba gave the requisite degree of respect to each other. Rather, it shows two combatants who were unwilling to give an inch for the sake of the effective administration of justice.
¶ 24. To support the points that I will make in the paragraphs that follow, I set forth the entire incident as reflected in the record:
BY THE COURT: I am going to overrule your motion. There must be some finality to these cases. What that is, it appears to me to be entirely a fishing matter, so the final order of this Court is your motion for new trial is overruled.
BY MR. LUMUMBA: Well, Judge, this

*1023 BY THE COURT: No additional hearing will be heard regarding your motion for new trial.
BY MR. LUMUMBA: Just for the record, Your Honor, it's a little more it's a little less than a fishing expedition. We have already got jurors who have said they know these people, and, to try to bring the people in is not a fishing expedition. In fact, it is very focused and direct.
But, the Court's resolution of the motion is not to be unexpected, given the Court's demeanor during the entire trial.
BY THE COURT: What do you mean by that?
BY MR. LUMUMBA: What I mean is that the Court didn't handle the trial fairly, is not handling the motion fairly.
BY THE COURT: Well, you make it very difficult to work with, Mr. Lumumba. I think I gave you a fair trial, and, certainly, anything that I did before the jury, nothing that I did
BY MR. LUMUMBA: Well, let me say this, Judge.
BY THE COURT:influenced the verdict of the jury.
BY MR. LUMUMBA: Let me say this, Judge.
BY THE COURT: Just a minute, now. I'm
BY MR. LUMUMBA: I have
BY THE COURT: You just
BY MR. LUMUMBA:another
BY THE COURT:wait just a minute.
BY MR. LUMUMBA; I have another
BY THE COURT: I'm the Judge of this Court
BY MR. LUMUMBA: I have another issue. I just want you to know I have another issue.
BY THE COURT: I want you to know this hearing is now over with and
BY MR. LUMUMBA: Can I ask
BY THE COURT: And, there will be nothing else to be made of record.
BY MR. LUMUMBA: Can I address another issue? You don't want to hear it? You don't want the Court to hear it? It's another issue. It's not what we talked about.
BY THE COURT: All right. Go ahead.
BY MR. LUMUMBA: And, what I'm doing is offering this to you, so you can, perhaps, get along better with other lawyers in the future.
BY THE COURT: Well, don't you worry about
BY MR. LUMUMBA: Okay. Can I finish?
BY THE COURT:how I get along with lawyers.
BY MR. LUMUMBA: Can I finish, please?
BY THE COURT: You worry about how you get along with Courts.
BY MR. LUMUMBA: Can I finish, please?
BY THE COURT: No.
BY MR. LUMUMBA: Judge
BY THE COURT: Remove him from the Courtroom.
BY MR. LUMUMBA: Are you going to have
BY THE COURT: I am going to have you removed
BY MR. LUMUMBA:your henchmen throw me out, Judge?
BY THE COURT: Until you show some respect to the Court
BY MR. LUMUMBA: I'm trying to show you some respect.

*1024 BY THE COURT: Will you remove him from the Courtroom?
BY MR. LUMUMBA: That's the way you've handled it the whole Court. I'm proud to be thrown out of your Courtroom.
BY THE COURT: All right. Just a minute. That will cost you three hundred dollars, Mr. Lumumba. Now, if you want to continue
BY MR. LUMUMBA: Look, Judge, if we've got to pay for justice around here, I will pay for
BY THE COURT: I will exercise my discretion
BY MR. LUMUMBA:justice.
BY THE COURT:regarding a jail sentence.
BY MR. LUMUMBA: I've paid other judges to try to get justice, pay you, too, if that's what is necessary.
BY THE COURT: It will cost you $500.00. You will serve three days in the County Jail. You will start serving it immediately, for contempt of Court.
BY MR. LUMUMBA: No problem. Are you going to feed me? I can't get my bag.
BY THE COURT: Court is in recess.
¶ 25. It is clear to me from the above colloquy that Mr. Lumumba's "another issue" did not relate at all to the matter of the motion for a new trial and that the proceedings on the motion, for all practical and legal purposes, had ended when the trial judge announced that "And, there will be nothing else to be made of record." It is equally clear to me that the trial judge ordered the courtroom bailiff to remove Mr. Lumumba from the courtroom because the trial judge became upset with Mr. Lumumba's attempt to offer the court some advice on how to better get along with members of the bar.
¶ 26. It cannot be reasonably argued that Mr. Lumumba had been disrespectful to the court at the point when the trial judge ordered him removed from the courtroom unless, of course, being persistent and forceful in advocacy constitutes disrespect. It should be noted that when the trial judge ordered Mr. Lumumba's removal from the courtroom, Mr. Lumumba had not disobeyed the trial judge, obstructed any judicial proceeding, or done anything that could arguably support a finding of contempt. This is important because it was the trial judge's overreaction to Mr. Lumumba's persistent attempts to remonstrate with the judge that led to the arguably inappropriate language by Mr. Lumumba. In other words, it was only after the trial judge, without good cause, ordered Mr. Lumumba removed from the courtroom that the matter really became heated. I do not believe it is appropriate for a judge to provoke an incident and then take advantage of the situation that he created. In my opinion, that is what happened here. It is one thing to be in control of the courtroom, but quite another thing to be in control while lacking the proper judicial temperance.
¶ 27. The trial judge determined that Mr. Lumumba was in contempt of court when Mr. Lumumba, responding to the trial judge's heavy-handed tactics of having Mr. Lumumba removed from the courtroom, retorted: "That's the way you've handled it the whole Court. I'm proud to be thrown out of your Courtroom." The trial judge responded immediately that Mr. Lumumba's comment would cost him three hundred dollars. So the evidentiary basis for the contempt boils down to a single statement by Mr. Lumumba expressing his view that the trial judge had not been fair in his rulings throughout the underlying trial and that Mr. Lumumba was proud to be thrown out of the judge's courtroom. In my opinion, *1025 this single statement made under these particular circumstances does not provide a sufficient basis for finding Mr. Lumumba in contempt, particularly since there had not been any obstruction of a judicial proceeding, no repeated refusal to obey a court order or directive, and no threats to the judge or anyone else. This is not to say that Mr. Lumumba's subsequent comment about paying for justice was appropriate. However, it is clear that this comment was not referring to bribing the judge to obtain justice but to a prior occasion when Mr. Lumumba had been found guilty of contempt and fined by another judge. In any event, it was not this comment that formed the basis of the citation for contempt.
¶ 28. Although, for reasons previously stated, I do not find a sufficient evidentiary basis to support the contempt finding by the trial court, I do find, assuming arguendo that the evidence supports a finding of contempt, that the matter should have been dealt with as an indirect, rather than a direct or summary, contempt proceeding.
¶ 29. "Summary contempt is justified only where there has been a `disorderly or obstreperous interference' with the conduct of a trial." In re Gustafson, 619 F.2d 1354, 1358 (9th Cir.1980). "In factual situations involving disrespectful conduct on the part of attorneys or pro se parties, courts have applied summary contempt only after a finding of `material obstruction or disruption.'" Id. at 1359.
¶ 30. In Gustafson, a federal district trial judge found Robert T. Gustafson in direct or summary contempt as a result of the following exchange which occurred during Gustafson's closing argument in a complex conspiracy case:
GUSTAFSON: I must close, but before I do, I want you to know that Julio Zamora feels strongly about this case and his prayers have been that you will render a just and merciful verdict. For his wife and his children, too
MRS. WITTMAN: Objection, your honor.
THE COURT: Mr. Gustafson you cannot, ladies and gentlemen, base a verdict based on any sympathy whatsoever. The case, and the verdict you render must be based on the facts and only the facts, nothing else.
MR. GUSTAFSON: I was just trying to say, your honor, and I'd like to have a ruling on it for his wife and his two children, too
MRS. WITTMAN: Same objection, your honor.
THE COURT: That has nothing to do with it. His wife, his two children, nothing. It's the facts of the case.
MR. GUSTAFSON: Thank you. Ladies and gentlemen of the jury, I have just presented you, or you have been presented, with an example of the operation between the bench and the prosecutor in quashing and quelling this evidence of a defense counsel trying to do his level best for his client, and I am going to have to rely upon you to give him every benefit of every doubt to my client, despite those efforts. Thank you, and I hope you have a Merry Christmas.
Id. at 1355-56. After Gustafson concluded his closing argument, the trial court excused the jury, recessed the trial for the day and summarily held Gustafson in contempt.
¶ 31. On appeal, the Ninth Circuit held that Gustafson's remarks may have been contemptuous but that summary or direct contempt under Rule 42(a) of the Federal Rules of Criminal Procedure was improper and that the trial court should have proceeded under Rule 42(b). I quote the rule as quoted by the court:

*1026 (a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.
(b) Disposition Upon Notice of Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall proceed on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant.... The defendant is entitled to trial by jury.... If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent.

Id. at 1356. (emphasis added).
¶ 32. In reversing the district's court summary finding of contempt, the Gustafson court instructed:
Criminal contempts are divided into two classes: direct contempts, which occur in the presence of the court, and indirect contempts, which occur outside the presence of the court. A narrowly limited class of direct contempts may be punished under the summary procedures of Rule 42(a). Most direct contempts, however, and all contempts occurring outside the presence of the court, must be disposed of in accordance with the notice and hearing requirements of Rule 42(b).
Id. (citations omitted).
¶ 33. The Gustafson court further instructed that:
On its face, Rule 42(a) establishes just two prerequisites to imposition of summary punishment, both relating to the direct nature of the contempt. This rule, however, is not read literally to mean that the occurrence of a contemptuous act in the actual presence of the court is the only prerequisite to exercise of the summary contempt power. Both the Supreme Court and the circuit courts of appeal have emphasized that summary contempt is reserved for "exceptional circumstances ..." such as acts threatening the judge or disrupting a hearing or obstructing court proceedings. Moreover, because summary contempt fills "the need for immediate penal vindication of the dignity of the court..." it is confined to "unusual situations... where instant action is necessary to protect the judicial institution itself."
Id. at 1356-57. (emphasis added and citations omitted).
¶ 34. While this is not a federal contempt case, the teachings of Gustafson are persuasive. Surely, if contemptuous comments made during a closing argument do not warrant being treated in summary fashion, comments which were made, as in our case, at the close of a judicial proceeding do not warrant summary disposition. Moreover, it cannot be legitimately argued that the facts here presented any sort of exceptional circumstances such as threats to the judge or disruption of a court proceeding. The court proceeding had concluded.
¶ 35. For the reasons presented, I respectfully dissent.