955 So.2d 384 (2006)
Melvin CRAFT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01550-COA.
Court of Appeals of Mississippi.
November 7, 2006.
Rehearing Denied May 1, 2007.
Melvin Craft, Appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On April 1, 2005, Melvin Craft pled guilty to burglary of a dwelling. The Circuit Court of Marion County sentenced Craft to twenty-five years in the custody the Mississippi Department of Corrections, with fifteen years to be served at the Mississippi Department of Corrections, and the remaining ten years of the sentence *385 to be served under the post-release provisions with a five year supervision period, pursuant to Mississippi Code Annotated Section 47-7-34 (Rev.2004). Craft was also ordered to pay a fine of $1,000, an assessment of $1,500 to the Marion County Public Defenders Fund, and his part of restitution of $3,760 to the burglary victim. The court further ordered that if the co-defendant did not pay her part of restitution, Craft would be responsible for the entire amount.
¶ 2. The trial judge, treating the petition as a motion for post-conviction relief, summarily dismissed Craft's writ of habeas corpus finding it "not understandable and simply a complaint to the lawful and correct criminal process and procedure that was applied to him." In his appeal, Craft argues (1) his sentencing order is incorrect and (2) the State did not honor its plea bargain agreement.
¶ 3. Finding no error in the sentencing order, we affirm.

STANDARD OF REVIEW
¶ 4. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when questions of law are raised the applicable standard is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).

DISCUSSION
I. DID THE TRIAL COURT ERR BY ORDERING CRAFT TO PAY THE FULL AMOUNT OF RESTITUTION IF CO-DEFENDANT FAILED TO PAY HER SHARE?
¶ 5. Craft argues that the portion of the order requiring him to pay the entire restitution if the co-defendant fails to pay is an error and should be deleted from the sentencing order.
¶ 6. Craft cites King v. State, 304 So.2d 650, 651 (Miss.1974), which holds that "[w]hen sentences are imposed in excess of statutory authority, such sentences should be corrected by the trial courts on motion to correct sentence." This case is inapplicable since no sentence or fine in excess of statutory authority has been imposed. We assume Craft's argument is that the trial court's imposition of joint and several liability for the restitution is incorrect.
¶ 7. Joint and several liability has been consistently upheld as to criminal co-defendants who act in concert. See, e.g., United States v. Powell, 354 F.3d 362, 367 (5th Cir.2003) (affirming joint and several liability against co-conspirators for restitution); United States v. Ismoila, 100 F.3d 380, 398-99 (5th Cir.1996) (finding the district court was "well within its discretion to order restitution for the losses resulting from the entire fraudulent scheme and not merely the losses directly attributable to [defendant's] actions"); Arbuckle v. State, 894 So.2d 619, 624 (¶ 24) (Miss.Ct.App. 2004) (affirming joint and several restitution in burglary of a dwelling and simple assault conviction).
¶ 8. The order that Craft pay the co-defendant's part of the restitution if she fails to pay is not in error, and it is not inconsistent with the rest of the sentence. We affirm the order of restitution.
II. DID THE STATE FAIL TO HONOR ITS PLEA BARGAIN AGREEMENT?
¶ 9. Craft's argument that the sentencing order is inconsistent with the plea bargain agreement is without merit since there is no inconsistency between the plea bargain and the sentence.
*386 ¶ 10. Craft plea bargained for a sentence of fifteen years. The sentence as ordered is twenty-five years, with fifteen years in custody of the Mississippi Department of Corrections and the remaining ten years under the post-release provisions with a five year supervision period. The post-release supervision is to be served concurrent to Craft's suspended sentence. Craft's sentence of fifteen years to be served is consistent with his plea bargain of fifteen years.
¶ 11. Craft also plea bargained for the habitual offender charge to be dismissed. His argument as to this point, that the sentence is inconsistent with the plea bargain, is also without merit since the habitual offender charge was dismissed.
¶ 12. Craft's only other argument is that he could not be given a suspended sentence and probation. This argument also fails. Trial courts have the authority to suspend, in whole or in part, a convicted felon's sentence. Miss.Code Ann. § 47-7-33 (2004); Johnson v. State, 925 So.2d 86, 91 (¶ 9) (Miss.2006). In its order denying Craft's motion to clarify the sentence, the trial court stated that the "term of post-release supervision that the Defendant is ordered to serve in his sentencing order is never interpreted to be an addition to the Defendant's term of parol [sic], rather it is a term served within, or concurrent, to the Defendant's suspended sentence." The sentence as ordered by the trial court is not in error and is therefore affirmed.
¶ 13. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
MYERS, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., AND IRVING, J., CONCUR IN RESULT ONLY.